IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-37C |
| | ) | (Judge Wheeler) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

PROTECTIVE ORDER

Discovery and other proceedings in this case and the other cases pending before the Court concerning the Standard Contract, 10 C.F.R. Part 961 (hereinafter referred to as the "spent nuclear fuel cases") may require the parties to disclose confidential information (as defined herein) of the parties. Accordingly, it is hereby ORDERED BY THE COURT:

1. The term "Confidential Material" shall refer to confidential, financial, trade secret, privileged, competitively-sensitive information, or records falling within the scope of the Privacy Act, 5 U.S.C. § 552a, disclosed in discovery or other proceedings in this case. Subject to the provisions of Paragraph 8 below, material shall be deemed Confidential Material when so designated in the manner described in Paragraph 2 below. After disclosure of any "Confidential Material," all copies made of that material, and all notes made therefrom and all references made thereto, of any kind whatsoever, shall also constitute "Confidential Material."

2. The designation of Confidential Material may be made by the disclosing party by placing or affixing on each page of documents disclosed the following language: "PROTECTED MATERIAL TO BE DISCLOSED ONLY IN ACCORDANCE WITH U.S. COURT OF FEDERAL CLAIMS PROTECTIVE ORDERS IN SPENT NUCLEAR FUEL LITIGATION."

3. Each person receiving Confidential Material shall maintain such Confidential Material in his or her possession in a manner sufficient to protect such material against unauthorized disclosure.

4. Confidential Material shall be used by the receiving party solely for the purpose of conducting litigation in the spent nuclear fuel cases pending in the United States Court of Federal Claims and not for any business or other purpose whatsoever, except as provided in this protective order. Confidential Material shall be disclosed only to attorneys for plaintiffs in those spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, persons regularly employed in such attorneys' offices, or, subject to the provisions of Paragraph 5 below, other persons as reasonably necessary for the litigation of this action. Nothing contained in this protective order shall prevent or in any way limit or impair the right of counsel for the United States to disclose to any agency of the United States (including other divisions and branches of the Department of Justice) any document or information regarding any potential violation of law or regulation or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this agreement and protective order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation.

5. With the exception of attorneys for plaintiffs in spent nuclear fuel cases in which the Court has entered a protective order, attorneys for the United States, and persons regularly employed in such attorneys' offices, any person to whom Confidential Material is to be disclosed by the receiving party shall first be advised by an attorney for the receiving party or parties that pursuant to this protective order such person may not divulge any such Confidential Material to any other person not authorized under Paragraph 4 above to have access to such Confidential

Material. The attorney shall secure from each person a declaration in the form attached hereto, stating that such person has read this protective order and agrees to be bound by it. Such declaration shall be maintained in the possession of the attorney securing the declaration until further order of the Court.

6. Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Confidential Material shall be placed under seal and shall not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to this spent nuclear fuel case, and persons authorized by this protective order. In the event that any Confidential Material is used in any deposition or Court proceeding herein, the parties shall attempt to further stipulate as to the procedures for use of Confidential Material in such proceedings. If necessary, any dispute regarding the procedures for use of Confidential Material in deposition or Court proceedings shall be submitted to the Court for resolution.

7. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs, the United States, or third parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this protective order.

8. If a party determines that a previously produced document inadvertently was not identified as containing protected information, the producing party shall give notice in writing that the document is to be treated as containing protected information, and thereafter the designated document shall be treated in accordance with this protective order or returned to the producing party if the material is identified as privileged.

9. Nothing in the foregoing provisions of this protective order shall be deemed to preclude plaintiffs or the United States from objecting to the designation of documents or other discovery material as Confidential Material. In such event, the party designating the documents or other discovery materials as Confidential Material shall have the burden to file a motion for a protective order with the Court demonstrating that there is good cause to designate the documents or materials as such and that they properly are subject to treatment under this protective order.

10. Within ninety (90) days after the conclusion of the spent nuclear fuel litigation, the parties shall undertake reasonable and prudent efforts to return all original Confidential Material to the disclosing party and to destroy all copies of and all notes, summaries, and references relating to such Confidential Material and, further, the parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; EXCEPT THAT each party may maintain one copy of any Confidential Material in its master file for this case, including one copy of any notes or summaries relating to such Confidential Material, provided that any copies of any Confidential Material or notes or summaries relating to such Confidential Material are clearly stamped with the legend identified in paragraph 2 of this protective order or a similar legend indicating that the materials are subject to this protective order.

11. For information sought that is or may be covered by the Privacy Act, defendant, in response to any discovery properly propounded pursuant to the Rules of the United States Court of Federal Claims, is hereby authorized, pursuant to 5 U.S.C. § 552a(b)(11), to release to opposing counsel in these cases records which are relevant to this action, and which may be subject to the Privacy Act, without obtaining prior written consent of the individual to whom such records pertain. Such disclosures shall be deemed authorized by law.

IT IS SO ORDERED.

Thomas C. Wheeler
THOMAS C. WHEELER
Judge
AUG. 15, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-37C<br>(Judge Wheeler) |

**DECLARATION OF ______________________________**

1. My name is ________________________________.

2. My business address is _________________________

________________________________________.

3. My present employer is ________________________

________________________________________.

4. My present occupation or job description is ________

________________________________________.

5. I have received a copy of the Protective Order entered by the Court in connection with the above-captioned matter.

6. I have carefully read and understand the provisions of the Protective Order.

7. I certify that I am eligible to have access to the Confidential Material under paragraph 4 of the Protective Order.

8. I will comply with all of the provisions of the Protective Order.

9. I will hold all Confidential Material and any duplicates, notes, abstracts or summaries thereof in confidence, will not disclose such information to anyone not specifically entitled to access under the Protective Order, and will use the information solely for purposes of

this litigation, except as provided by the Protective Order.

10. At the conclusion of this litigation, I will return all originals of all Confidential Materials and any duplicates, notes, abstracts or summaries thereof, whether prepared by me or anyone else, to counsel for the party by whom I am employed or retained.

Further declarant sayeth naught.

______________________________
(signature)

DATED:______________________

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-37C<br>(Judge Wheeler) |

E-MAIL PRESERVATION ORDER

For good cause shown, the Court hereby orders the adoption of the salient provisions of the E-mail Plan utilized in the coordinated discovery proceedings, as follows:

1. Except as described in paragraph 2 below, the parties have no preservation or retention requirements with respect to e-mail communications and electronic records for this case.

2. The parties shall preserve any e-mail back-up tapes that exist from the 1988-1996 time period which may potentially contain relevant information. The Department of Energy will only preserve such tapes to the extent that they are from the Office of Civilian Radioactive Waste Management ("OCRWM").

3. The parties shall evenly share the costs of any searches of any of the backup tapes preserved pursuant to Paragraph 2, which costs should not exceed $15,000 for each tape.

IT IS SO ORDERED.

Thomas C. Wheeler

THOMAS C. WHEELER
Judge

Aug. 15, 2006

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 04-37C<br>(Judge Wheeler) |

STIPULATED ORDER GOVERNING REVIEW
OF THE DEPARTMENT OF ENERGY'S ELECTRONIC
"RECORD INFORMATION SYSTEM" DATABASE

Upon stipulation of the parties,

IT IS ORDERED that discovery in this action relating to the Department of Energy's electronic "Record Information System" database be governed by the following:

1. This order extends to any type of privilege or protection claimed, although no party at this time necessarily agrees to any other party's interpretation or scope of any privilege or other protection that may be asserted.

2. Each party reserves the right to challenge the assertion, interpretation, or scope of any privilege or other protection claimed by the other party.

3. The parties have agreed that plaintiff in this litigation will be allowed to search electronically for documents relevant to the issues in this case that are currently maintained in an electronic database maintained by the Department of Energy called the Records Information System ("RIS"). By allowing plaintiff in this litigation access to the RIS, defendant will not be considered to have waived any privilege or protection applicable to any document or information contained in or upon that database. After plaintiff in this litigation reviews documents contained in or upon the RIS and identifies those documents contained therein that it wishes defendant to

produce in this litigation, defendant will be entitled to review those documents and withhold from physical production any documents that it deems privileged or subject to protection. Any such documents withheld will be identified on a privilege log. This agreement will not affect the plaintiff's rights to challenge defendant's assertion of privilege or protection, except that plaintiff will not be entitled to assert that defendant has waived any privilege or protection by allowing access to the RIS.

4. Nothing in this order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) or protection.

IT IS SO ORDERED.

Thomas C. Wheeler

THOMAS C. WHEELER
Judge

Aug. 15, 2006