# In the United States Court of Federal Claims

No. 04-037C

(Filed: January 30, 2007)

************************************* *
*
CAROLINA POWER & LIGHT COMPANY, *
FLORIDA POWER CORPORATION, *
*
Plaintiffs, *
*
v. *
*
THE UNITED STATES, *
*
Defendant. *
*
************************************* *

**PRETRIAL ORDER**

On January 11, 2007, the Court held a telephonic pretrial conference with counsel for the parties to address the status of discovery and to establish a schedule for trial and certain pretrial procedures. On January 30, 2007, the Court held a follow-up conference with counsel after distributing a draft Pretrial Order for review. With the assistance of counsel, the Court hereby adopts the following schedule and pretrial procedures:

1. Trial shall begin on Monday, November 5, 2007 at 9:30 AM at the National Courts Building, 717 Madison Place, NW, Washington DC. The Court will allow eleven days for this trial, through Tuesday, November 20, 2007. Trial will encompass all issues of liability and damages pending in this action.

2. On or before September 5, 2007, Plaintiff's counsel shall file with the Court the following information:

   a. A Memorandum of Contentions of Fact and Law.

   b. A list of the persons counsel expects to call as witnesses at trial, including each person's full name and address. Counsel shall indicate for each witness whether the witness is certain to testify at trial, or

whether the witness "may" testify at trial. The list should also include a brief description of the subject matter of the person's testimony and the expected length of the direct examination. Except for rebuttal witnesses, any person not included on the witness list will not be permitted to testify at trial.

c. A list of exhibits counsel expects to offer into evidence at trial. To the extent feasible, exhibits shall be numbered in chronological order, with the earliest dated exhibit first. Expert witness exhibits and summaries shall be listed last. Concurrently, counsel shall provide to Defendant's counsel a copy of the listed exhibits. Except for cross-examination or rebuttal exhibits, any exhibit not included on the exhibit list provided to the Court will not be admitted at trial.

3. On or before October 5, 2007, Defendant's counsel shall file with the Court:

a. A response to Plaintiff's Memorandum of Contentions of Fact and Law.

b. A list of the persons counsel expects to call as witnesses at trial, in compliance with the requirements and subject to the restrictions set forth in paragraph 2(b) above.

c. A list of exhibits counsel expects to offer into evidence at trial. Defendant also shall attempt to number its exhibits in chronological order, with the earliest dated exhibit first, and with expert witness exhibits and summaries listed last. Defendant shall avoid duplicating any exhibit listed by Plaintiff. Concurrently, counsel shall provide to Plaintiff's counsel a copy of the listed exhibits. The limitations on admissibility set forth in paragraph 2(c) above shall apply equally to Defendant.

4. On a mutually convenient date during the week of October 8 - 12, 2007, counsel of record shall confer to resolve, if possible, objections relating to exhibits, and to engage in good-faith efforts to agree upon stipulations of fact. Draft sets of objections to exhibits and proposed stipulations should be exchanged at least 48 hours in advance of this conference to facilitate counsel's discussion. Agreement to proposed stipulations should not be unreasonably withheld. Counsel may also discuss any other matter that will facilitate remaining pretrial procedures or the trial.

5. On or before October 17, 2007, counsel for the parties shall file with the Court:

   a. Stipulations of all uncontested material facts, formatted in numbered paragraphs and signed by counsel of record for both parties. Specifically, the stipulations should address the elements of costs or damages that have been agreed upon through the Pretrial Order on Damages.

   b. Objections, if any, to the exhibits received from opposing counsel, indicating the nature of the objection lodged, and the applicable Rule of the Federal Rules of Evidence relied upon for each objection.

6. All pretrial motions, including any motions *in limine*, shall be filed sufficiently in advance of trial to allow time for a response and reply thereto, and full consideration by the Court. The pendency of pretrial motions will not under any circumstances serve to delay the start of trial.

7. Additionally, the Court and counsel of record agreed to the following:

   a. With the concurrence of counsel, exhibits to which no objection is lodged may be admitted at the beginning of trial. Other exhibits must be offered for admission individually during the trial. Any exhibit not referenced during the trial likely will be afforded little, if any, weight in the Court's consideration of the evidence.

   b. The parties shall adhere to Rule 615 of the Federal Rules of Evidence, requiring the exclusion of all fact witnesses from the courtroom during trial, save for one designated officer or representative of each party, who shall remain the same throughout the trial. Expert witnesses from each side may remain in the courtroom during the proceedings. Once counsel tenders a witness to opposing counsel for cross-examination, the presenting counsel may not hold substantive discussions with the witness until cross-examination is concluded. Counsel shall not share trial transcripts with upcoming witnesses, or discuss with them the substance of any trial proceedings that have occurred.

   c. At the beginning of each party's case, counsel shall provide to opposing counsel the order in which witnesses will be called. As the trial

progresses, any changes in the order of witnesses shall be furnished promptly to opposing counsel.

d. For any witness who appears on the witness list of both parties, and if counsel agree, Defendant generally may combine cross-examination and direct examination when questioning witnesses the Plaintiff calls. This accommodation is made primarily for witnesses who reside outside of the Washington, DC area, and may be withheld for witnesses who reside locally.

e. At the conclusion of the trial, counsel will coordinate with the Court to agree upon a final list of admitted exhibits.

f. The Court anticipates that the parties concurrently will file post-trial briefs containing proposed findings of fact, with citations to the record, and conclusions of law. The briefs will be filed within a reasonable time, to be determined, after receipt of the trial transcript. Thereafter, each party will be afforded an opportunity to respond to the opposing party's brief.

8. The Court will hold a Final Pretrial Conference by telephone on October 30, 2007 at 2:00 PM. Counsel of record are expected to participate.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge