**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CAROLINA POWER & LIGHT COMPANY, et al.** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-37C<br>(Judge Wheeler) |
| **UNITED STATES OF AMERICA,** | ) | |
| Defendant. | ) | |

**PLAINTIFFS' NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE**

Pursuant to the Case Management Procedures of the Rules of the Court of Federal Claims, RCFC App. A, 15(b), Plaintiffs Carolina Power & Light Company ("CP&L") and Florida Power Corporation ("FPC") hereby give notice that they may introduce the following portions of deposition and trial testimony of witnesses who are representatives of the government pursuant to Rule 801(d) of the Federal Rules of Evidence.

Appendix A, Rule 15(b) of the Rules of the United States Court of Federal Claims provides that "[a]ny party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of such testimony." (emphasis added). Because all of the below-identified designations are admissions by a party opponent under Fed. R. Evid. 801(d), no motion is required. Yet, counsel for defendant has stated that the government will take the position that a motion is necessary for purposes of designation and admission of prior testimony. Accordingly, in the interests of efficiency (and without conceding whether such a motion is

required), plaintiffs alternatively move for leave to introduce the below-identified prior testimony as evidence.[1]

A party offering deposition or trial testimony as a party admission under Rule 801(d)(2) need not show that the declarant will be unavailable to testify as a witness at trial. *Globe Savings Bank v. United States*, 61 Fed. Cl. 91, 94-95 (2004). Instead, to be admissible under Rule 801(d)(2)(D), a statement must: (1) be offered against a party, (2) concern a matter within the scope of employment for the party, and (3) be made during the existence of the declarant's relationship with the United States. *Globe Savings*, 61 Fed. Cl. at 97. And it is a "widely accepted rule that admissions of a party-opponent under Rule 801(d)(2) are accorded generous treatment in determinations of admissibility." *Id.* (citation omitted). For purposes of admissibility, there is no "against interest" requirement. *Id.* All of Plaintiffs' designations satisfy these requirements. All are being offered against the government and, as described below, all statements are within the scope of declarants' relationship to the United States.

Moreover, special consideration should be given to the fact that this is one of approximately sixty spent fuel cases before the Court. These witnesses have testified on multiple occasions with the government present and defending them. Their prior testimony has also been admitted in several spent fuel cases as substantive evidence. And it would be a hardship to these individuals to appear in every case.

**I. LAKE H. BARRETT**

Lake H. Barrett was Deputy Director of the Office of Civilian Radioactive Waste Management ("OCRWM") from 1999 until his retirement in 2002. He also served as Acting

[1] The government has also stated that it will insist that all prior testimony designations be read aloud in open court. Plaintiffs do not object to such a procedure, but of course defer to the Court regarding its preferences in that regard.

Director of OCRWM from 1997 to 1999. From 1990 to 1993 Mr. Barrett was Director of the Rocky Flats Program Office, Office of Defense Programs, DOE, and previously served in a variety of senior management positions at OCRWM between 1985 and 1990. The OCRWM is charged with developing and managing the federal system for disposing of spent nuclear fuel under the Nuclear Waste Policy Act ("NWPA") and the Standard Contract for Disposal of Spent Nuclear Fuel and/or High-Level Radioactive Waste ("Standard Contract"). The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, and thus derives directly from Mr. Barrett's employment at DOE.

**A. Deposition of Lake H. Barrett (Volume 1) taken April 22, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 51/17 | 52/17 |
| 53/16 | 57/2 |
| 58/13 | 59/11 |
| 116/14 | 122/6 |
| 198/1 | 198/10 |
| 217/3 | 217/17 |

**B. Continued Deposition of Lake H. Barrett (Volume 2) taken April 23, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 340/17 | 342/2 |
| 345/4 | 345/16 |
| 349/8 | 350/11 |

**C. Continued Deposition of Lake H. Barrett (Volume 3) taken April 26, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 581/20 | 583/5 |
| 772/4 | 774/14 |

**D. Deposition of Lake H. Barrett taken May 8, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 948/10 | 949/7 |
| 951/19 | 953/7 |

**E. Continued Deposition of Lake H. Barrett taken May 10, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 1163/10 | 1166/7 |
| 1331/7 | 1331/17 |
| 1332/19 | 1333/16 |
| 1334/6 | 1335/10 |
| 1368/10 | 1369/14 |
| 1369/22 | 1371/14 |

**F. Deposition of Lake H. Barrett taken May 14, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 120/22 | 121/6 |

## II. ALAN BROWNSTEIN

Alan Brownstein was Director of the OCRWM Regulatory Coordination Division, the office charged with managing the federal waste system, beginning in March 1995, and in 2001

he began serving on detail as a senior policy advisor to the OCRWM Director, principally responsible for site recommendation activities. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract, and thus derives directly from Mr. Brownstein's employment at DOE.

**A. Deposition of Alan Brownstein taken April 9, 2002 in McLean, Virginia**

| From: Page/Line | To: Page/Line |
|---|---|
| 128/18 | 128/21 |
| 129/24 | 130/17 |
| 133/19 | 134/25 |
| 136/7 | 138/10 |
| 144/1 | 144/18 |

**B. Deposition of Alan Brownstein taken April 10, 2002 in McLean, Virginia**

| From: Page/Line | To: Page/Line |
|---|---|
| 278/12 | 278/15 |
| 282/5 | 282/22 |
| 326/20 | 326/25 |
| 331/24 | 333/21 |
| 367/14 | 368/25 |
| 376/22 | 378/5 |
| 411/24 | 412/21 |
| 413/13 | 414/12 |

**C. Deposition of Alan Brownstein taken June 14, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 423/20 | 427/4 |
| 427/16 | 428/5 |

## III. MICHAEL J. LAWRENCE

Michael J. Lawrence was Acting Director of OCRWM, Deputy Director of the NWPA Project Office at the time the Standard Contracts were signed. In this high-level position, he testified before Congress in 1984, shortly after the Standard Contracts were signed. Plaintiffs seek to designate testimony regarding the time he held this senior position at DOE, when he had senior-level responsibilities for implementation of the NWPA and Standard Contract.

The testimony Progress Energy seeks to designate is from a deposition taken in the *Yankee Atomic Elec. Co., et al. v. United States* cases, consolidated for discovery, in which the government in an interrogatory response identified Mr. Lawrence as being among the "DOE Personnel who may have drafted, developed, or participated in meetings regarding the Standard Contract for Disposal of Spent Nuclear Fuel." (Defendant's Responses to Utility Plaintiffs' Joint Supplemental Interrogatories, *Yankee Atomic Elec. Co., et al. v. United States*, No. 98-126C). At the time of the deposition, Mr. Lawrence was Associate Laboratory Director for Energy Science and Technology, a DOE contractor, at DOE's Pacific Northwest National Laboratory. He was represented by government counsel. And, because of his seniority and continuing close relationship with DOE, Mr. Lawrence's deposition testimony has been designated and admitted pursuant to Rule 801(d) in several prior SNF cases. *See, e.g.*¸ *Wisconsin Elec. Power Co. v. United States*, No. 00-697 (Order, August 16, 2007) ("They held high-level positions, and the court assumes the testimony tendered concerns their work done within the course and scope of

those positions. For example, the deposition designation of Mr. Lawrence concerns his congressional testimony in 1984 after the contracts in issue were signed."); *Sacramento Mun. Util. Dist. v. United States*, No. 98-488C (March 16, 2005 Order).

The testimony Plaintiffs seek to designate derives from Mr. Lawrence's work in a senior DOE position. Although he was not in that position at the time of his deposition, his testimony is admissible under Rule 801(d) because of his senior position at DOE, his ongoing relationship with DOE, and the fact that there is no suggestion of an adverse position or bias toward the government. *Compare Kinser v. Gehl Co.*, 184 F.3d 1259, 1275 (10th Cir. 1999) (holding that a retired employee's deposition is a party admission where testimony concerns events and policies occurring during employment and actions suggest a lingering bond between employee and employer), *abrogated on other grounds by Weisgram v. Marley, Co.*, 528 U.S. 440 (2000), *with Young v. James Green Management, Inc.*, 327 F.3d 616, 621-23 (7th Cir. 2003) (accusations by a former employee are not admissible under Rule 801(d)(2)(D) because the former agent is now an adversary). Unlike *Young*, in this case the justification for Rule 801(d)(2)(D) is present because Mr. Lawrence remains "inhibited by [his] relationship with the principal from making erroneous or underhanded comments which could harm the principal." 327 F.3d at 621 (citation omitted).

**A. Deposition of Michael J. Lawrence taken May 20, 2002 in Richland, Washington**

| From: Page/Line | To: Page/Line |
|---|---|
| 60/23 | 64/21 |
| 77/2 | 78/4 |
| 131/1 | 131/16 |
| 142/10 | 143/9 |
| 166/7 | 167/6 |

| | |
|---|---|
| 181/16 | 181/22 |
| 187/15 | 189/3 |
| 194/19 | 195/6 |
| 197/19 | 198/15 |
| 201/11 | 201/21 |

**B. Deposition of Michael J. Lawrence taken May 21, 2002 in Richland, Washington**

| From: Page/Line | To: Page/Line |
|---|---|
| 301/20 | 305/4 |
| 307/17 | 309/20 |
| 325/1 | 328/10 |
| 329/11 | 334/5 |
| 336/12 | 337/23 |

**IV. RONALD A. MILNER**

Ronald A. Milner served from 1996 to 2006 as Chief Operating Officer of the OCRWM and during that period also served as Acting Deputy Director for a total of four years. From 1984 to 1996, Mr. Milner served in other positions at OCRWM, including as Branch Chief, Division Director, and Office Director. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from Mr. Milner's employment at DOE.

**A. Deposition of Ronald A. Milner (Volume 1) taken May 1, 2002 in McLean, Virginia**

| From: Page/Line | To: Page/Line |
|---|---|
| 65/21 | 65/25 |
| 69/14 | 69/24 |

| | |
|---|---|
| 72/21 | 73/22 |
| 84/17 | 85/24 |

**B. Deposition of Ronald A. Milner (Volume 2) taken May 2, 2002 in McLean, Virginia**

| From: Page/Line | To: Page/Line |
|---|---|
| 327/22 | 327/24 |
| 334/20 | 335/11 |

**C. Deposition of Ronald A. Milner (Volume 3) taken May 3, 2002 in McLean, Virginia**

| From: Page/Line | To: Page/Line |
|---|---|
| 411/7 | 411/13 |
| 412/3 | 412/22 |
| 555/8 | 556/12 |
| 572/25 | 574/18 |

**D. Deposition of Ronald A. Milner (Volume 1) taken May 7, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 31/4 | 32/11 |

**E. Trial Testimony of Ronald A. Milner on August 11, 2004 in Yankee Atomic Electric, et al. v. United States, No. 98-126 (Volume 21)**

| From: Page/Line | To: Page/Line |
|---|---|
| 4749/16 | 4750/6 |

**V. ROBERT M. ROSSELLI**

Robert Rosselli was the deputy manager for business services in DOE's facility in Richland, Washington beginning in 1999 and he served as assistant manager for science and technology from 1994 to 1999. From 1984 to 1994, Mr. Roselli was the Director of the Resource Management Division. The testimony Plaintiffs seek to admit concerns DOE's plans,

objectives, and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from his employment at DOE.

### A. Deposition of Robert M. Rosselli taken April 15, 2002 in Richland, Washington

| From: Page/Line | To: Page/Line |
|---|---|
| 134/23 | 135/5 |
| 139/24 | 140/10 |
| 147/15 | 149/17 |
| 176/9 | 176/15 |
| 179/9 | 181/2 |

## VI. BEN RUSCHE

Benjamin Rusche was the first Director of OCRWM to be appointed by the President and confirmed by the Senate. At the time of his deposition, Mr. Rusche was president of Management & Technical Resources, Inc., a consulting company. He was represented by government counsel and his testimony is admissible under Rule 801(d) for the same reasons described above for admitting Mr. Lawrence's testimony. Mr. Rusche's testimony derives from his work as director of OCRWM, a senior position at DOE, and there is no suggestion of an adverse position or bias toward the government. As a result, his deposition testimony has been designated and admitted pursuant to Rule 801(d) in several prior SNF cases. *See, e.g.*¸ *Wisconsin Elec. Power Co. v. United States*, No. 00-697 (Order, August 16, 2007) ("That these gentlemen were authorized agents, deposed after that agency ended, but about that agency, goes to the weight of those statements, not their non-hearsay character."); *Sacramento Mun. Util. Dist. v. United States*, No. 98-488C (March 16, 2005 Order).

**A. Deposition of Ben Rusche taken May 16, 2002 in Columbia, South Carolina**

| From: Page/Line | To: Page/Line |
|---|---|
| 152/22 | 153/5 |
| 158/19 | 159/23 |
| 243/21 | 247/14 |

**B. Deposition of Ben Rusche taken May 17, 2002 in Columbia, South Carolina**

| From: Page/Line | To: Page/Line |
|---|---|
| 376/20 | 377/6 |

**VII. NANCY H. SLATER**

Nancy H. Slater Thompson was a team leader in the OCRWM Regulatory Coordination Division dealing with regulatory concerns from 1997 to 2001, after which she served as the Acting Director of that Division. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from her employment at DOE.

**A. Deposition of Nancy H. Slater taken April 21, 1999 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 161/14 | 162/1 |
| 163/18 | 164/22 |

**B. Deposition of Nancy H. Slater taken April 22, 1999 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
|---|---|
| 244/5 | 246/4 |

**C. Deposition of Nancy H. Slater taken June 13, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
| --- | --- |
| 94/16 | 99/6 |

## VIII. VICTOR W. TREBULES

Victor W. Trebules, Jr. was Director of the Office of Project Control at OCRWM from beginning about 1998 and from the mid-nineties until that time he served as Director of the Program Management Division. The testimony Plaintiffs seek to admit concerns DOE's plans, objectives, and intent regarding implementation of the NWPA and the Standard Contract and thus derives directly from his employment at DOE.

**A. Deposition of Victor W. Trebules taken April 17, 2002 in Washington, D.C.**

| From: Page/Line | To: Page/Line |
| --- | --- |
| 44/17 | 45/17 |
| 52/11 | 54/4 |
| 57/15 | 60/14 |
| 96/19 | 101/19 |
| 104/2 | 107/6 |
| 109/18 | 111/15 |
| 120/9 | 124/2 |
| 177/18 | 178/11 |

## IX. ROBERT L. MORGAN

Robert L. Morgan was Director of Nuclear Waste Policy Act Office, the precursor to the Office of Civilian Radioactive Waste Management within DOE from January 1983 to January 1984. Counsel for defendant stated that the government will make Mr. Morgan available to

testify at trial. Relying on this representation, plaintiffs plan to call Mr. Morgan and thus have not designated his prior testimony. Plaintiffs reserve the right to designate his testimony should the parties determine not to call Mr. Morgan to testify at trial or should his appearance otherwise not occur.

**X. CHRISTOPHER KOUTS**

Christopher Kouts is the Acting Principal Deputy Director of OCRWM. Counsel for defendant stated that the government will call Mr. Kouts to testify at trial. Relying on this representation, plaintiffs have not designated his prior testimony. Plaintiffs reserve the right to designate his testimony should the parties determine not to call Mr. Kouts to testify at trial.

DATED: October 22, 2007

Respectfully submitted,

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5191
Facsimile: (202) 739-3001

Attorneys for Plaintiffs

Of Counsel:
Paul M. Bessette
David M. Kerr
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Telephone: (202) 739-3000
Facsimile: (202) 729-3001

**CERTIFICATE OF SERVICE**

I, Brad Fagg, hereby certify that on this 22nd day of October, 2007, a copy of the foregoing Plaintiffs' Motion to Designate Deposition and Trial Testimony was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s Brad Fagg
Brad Fagg