No. 04-37C
(Judge Wheeler)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CAROLINA POWER AND LIGHT COMPANY,
FLORIDA POWER CORPORATION
Plaintiffs,

v.

THE UNITED STATES,
Defendant.

# DEFENDANT'S MOTION TO STRIKE "PLAINTIFF'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

HAROLD D. LESTER, JR.
Assistant Director

ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 353-0527
Fax: (202) 307-2503

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
Senior Trial Counsel

CHRISTOPHER J. CARNEY
LISA L. DONAHUE
STEPHEN FINN
Trial Attorneys
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

November 2, 2007

Attorneys for Defendant

TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . iii

DEFENDANT'S MOTION TO STRIKE "PLAINTIFF'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2) . . . . . 1

SUMMARY OF ARGUMENT . . . . . 2

DISCUSSION . . . . . 3

I. PLAINTIFFS' "NOTICE" SHOULD BE STRICKEN BECAUSE THE DESIGNATED TESTIMONY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS . . . . . 3

II. PLAINTIFFS HAVE FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2) . . . . . 5

A. Plaintiffs Have Identified No Basis Upon Which To Avoid Its Burden Of Establishing The Admissibility Of Each Of Its Proposed Designations . . . . . 5

B. Plaintiffs Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony . . . . . 7

III. PLAINTIFFS HAVE NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD . . . . . 9

A. Plaintiffs Have Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial . . . . . 9

TABLE OF CONTENTS (cont'd)

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony . . . . . . . . . . . . . . . . . . . . . . . 10

IV. PLAINTIFFS HAVE FAILED TO ESTABLISH A PROPER FOUNDATION FOR MUCH OF THE DESIGNATED TESTIMONY . . . . . . . . . . . . . . . . . . . . 14

V. NOTWITHSTANDING PLAINTIFFS' FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

# TABLE OF AUTHORITIES

CASES PAGE(S)

Aliotta v. National R.R. Passenger Corp., 315 F.3d 756 (3d Cir. 2003) . . . . 4

American Steel Works v. Hurley Construction Co., 46 F.R.D. 465 (D. Minn. 1969) . . . . 12

Angelo v. Armstrong World Industrial, 11 F.3d 957 (10th Cir. 1993) . . . . 9

Banks v. Yokemick, 144 F. Supp. 2d 272 (S.D.N.Y. 2001) . . . . 11

Carden v. Westinghouse Electric Co., 850 F.2d 996 (8th Cir. 1998) . . . . 6

Delaware v. Van Arsdall, 475 U.S. 673 (1986) . . . . 13

Evans v. Port Authority of New York & New Jersey, 192 F. Supp. 2d 247 (S.D.N.Y. 2002) . . . . 4

Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004) . . . . 4, 5, 6, 13

Grimna v. Makousky, 76 F.3d 151 (7th Cir. 1966) . . . . 12

Harris v. Itzhaki, 183 F.3d 1043 (9th Cir. 1999) . . . . 4

Kinser v. Gehl Co., 184 F.3d 1259 (10th Cir. 1999) . . . . 8

Kolb v. County of Suffolk, 109 F.R.D. 125 (E.D.N.Y. 1985) . . . . 5, 11, 12

Long Island Savings Bank v. United States, 63 Fed. Cl. 157 (2004) . . . . 4, 5, 6

TABLE OF AUTHORITIES (cont'd)

Pacific Gas & Electric Co. v. United States,
73 U.S. 333 (2006) . . . . . . . . . . 14

Robertson v. National R.R. Passenger Corp.,
No. 98-1397, 1999 WL 280407 (E.D. La. May 3, 1999) . . . . . . . . . . 7

Sea-Land Serv., Inc. v. Lozen Int'l, Inc.,
285 F.3d 808 (9th Cir. 2001) . . . . . . . . . . 4, 5

Selby v. Pepsico, Inc.,
784 F. Supp. 750 (N.D. Cal. 1991) . . . . . . . . . . 6

Shapiro, Lifschitz, & Schram, P.C. v. Hazard,
90 F. Supp. 2d 15 (D.D.C. 2000) . . . . . . . . . . 7

United States v. Blum,
62 F.3d 63 (2d Cir. 1995) . . . . . . . . . . 13, 14

United States v. Holmes,
44 F.3d 1150 (2d Cir. 1995) . . . . . . . . . . 14

United States v. Mathis,
559 F.2d 294 (5th Cir. 1977) . . . . . . . . . . 11

Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc.,
216 F.R.D. 521 (D. Utah 2003) . . . . . . . . . . 11

Young v. James Green Management, Inc.,
327 F.3d 616 (7th Cir. 2003) . . . . . . . . . . 7

MISCELLANEOUS PAGE(S)

Fed. R. Evid. 801(d) . . . . . . . . . . passim

Fed. R. Evid. 804(b)(1), Advisory Committee Notes . . . . . . . . . . 12

8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142 (2d ed. 1994) . 12

# INDEX TO APPENDIX AND ATTACHMENT

APPENDIX:

Letter from Brad Fagg, Morgan Lewis & Bockius, LLP, to Andrew Averbach, U.S. Department of Justice, dated October 31, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ATTACHMENT A:

Defendant's Objections To Plaintiffs' Designations And Defendant's Counter-Designations

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY and FLORIDA POWER CORPORATION, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-37C (Judge Wheeler) |
| UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO STRIKE "PLAINTIFF'S NOTICE OF DEPOSITION AND TRIAL TESTIMONY DESIGNATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO ADMIT PRIOR TESTIMONY INTO EVIDENCE" AND, IN THE ALTERNATIVE, MOTION *IN LIMINE* TO PRECLUDE RELIANCE UPON THOSE DESIGNATIONS AS SUBSTANTIVE EVIDENCE PURSUANT TO RCFC 32(a) AND FEDERAL RULE OF EVIDENCE 801(d)(2)

Defendant, the United States, respectfully requests that the Court strike "Plaintiff's Notice of Deposition And Trial Testimony Designations Or, Alternatively, Motion For Leave To Admit Prior Testimony Into Evidence," which plaintiffs, Carolina Power and Light Company and Florida Power Corporation, filed on October 22, 2007. Plaintiffs have failed to establish any foundation for the designated testimony or to establish that the designated testimony constitutes "admissions" of the United States, pursuant to Federal Rules of Evidence ("FRE") 801(d)(2)(D). To the extent that the Court deems any of the designated testimony to constitute "admissions" or be admissible pursuant to some other rule, the Government requests that the Court rule upon the Government's objections to the designated testimony prior to its admission into evidence and that the Government be allowed to counter-designate any testimony that it believes is necessary to complete the record, pursuant to FRE 106 and Rule 32 of the Rules of the Court of Federal Claims ("RCFC"). The list of the Government's objections and text of the counter-designations is Attachment A to this motion.

## SUMMARY OF ARGUMENT

Plaintiffs state, in their notice, that they "may [seek] to introduce" the deposition and previous trial testimony of eight past and present Government employees, consisting of an 207 transcript pages, for the Court to consider as substantive evidence. Plaintiffs also move "in the alternative" for leave to introduce the prior testimony as substantive evidence. Nowhere in their "notice" do plaintiffs ask the Court to conduct a review of the designated testimony to determine whether the entirety of the testimony, as plaintiffs claim, properly constitutes "admissions" by the United States pursuant to FRE 801(d)(2).

Contrary to plaintiffs' apparent belief, it is the Court, not plaintiffs, that must determine whether the proposed designations properly constitute "admissions" of the United States. Because plaintiffs did not file a motion seeking the Court's review of these designations, but, instead, merely included them in the record of this case as pre-determined "admissions," we respectfully request that the Court strike plaintiffs' "notice" from the case. Even if the Court considered plaintiffs' "notice" to constitute a motion to deem the designated testimony as admissions of the Government, plaintiffs have failed to make the required showing under FRE 801(d)(2) that the testimony which they have designated may properly be considered to be the admission of a party opponent, and they have ignored or failed to identify numerous objections to the testimony upon which the Court must rule before the testimony could be admitted into the record of this case. Plaintiffs also have not overcome the preference for live testimony and met their burden to show cause as to why these designations should be allowed. Because the designated testimony is irrelevant, incomplete, or subject to extensive objections, plaintiffs should not be allowed to burden the record with its admission.

To the extent that the Court allows plaintiffs' designations to become part of the record, in whole or in part, we respectfully request that the Court rule upon the Government's objections to the testimony that plaintiffs have has designated, pursuant to RCFC 32(b), prior to the admission of any testimony and consider the testimony that the Government has counter-designated, pursuant to FRE 106 and RCFC 32(a)(4).

DISCUSSION

I. PLAINTIFFS' "NOTICE" SHOULD BE STRICKEN BECAUSE THE DESIGNATED TESTIMONY SHOULD NOT BE ADMITTED INTO THE RECORD OF THIS CASE PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)(D) WITHOUT THIS COURT'S DETERMINATION THAT THEY, IN FACT, CONSTITUTE ADMISSIONS

In the "notice" of deposition and trial testimony designations that they filed on November 22, 2007, plaintiffs state that RCFC Appendix A, Rule ¶ 15(b) "provides that '[a]ny party intending to present substantive evidence by way of deposition testimony, other than as provided by Fed. R. Evid. 801(d), shall serve and file a separate motion for leave to file the transcript of such testimony.'" Notice, at 1 (Oct. 22, 2007) (emphasis in original) (quoting RCFC App. A ¶ 15(b)). Claiming that all of their proposed designations constitute "admissions" by the United States pursuant to FRE 801(d)(2), plaintiffs have merely filed a "notice" of their designations, without any motion requesting that the Court determine whether the proposed designations actually constitute "admissions" under the identified Federal Rule of Evidence. The lack of a motion seeking the Court's review and admission of these proposed designations, as opposed to plaintiffs' attempt to seek admission of the designations into the record of this case without any Court review and approval, is inappropriate.

To be admissible pursuant to Rule 801(d)(2)(D), a party must establish that the testimony meets three requirements: (1) that the statement is made by the party that offered it; (2) that the

statement concerns matters within the scope of the "agency or employment;" and (3) that the statement was made during the existence of the relationship. Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 164-65 (2004); Globe Savings Bank v. United States, 61 Fed. Cl. 91, 97 (2004); Aliotta v. National R.R. Passenger Corp., 315 F.3d 756, 761 (3d Cir. 2003). Although a party certainly must identify the specific testimony that it wants to designate for inclusion in the trial record, "the burden of establishing admissibility, of course, is with the proponent of the evidence." Evans v. Port Auth. of N.Y. & N.J., 192 F. Supp. 2d 247, 263 n.121 (S.D.N.Y. 2002). The Court is the ultimate decision-maker regarding these two factors. See Long Island, 63 Fed. Cl. at 164; Globe, 61 Fed. Cl. at 97; Aliotta, 315 F.3d at 761. Specifically, it is the burden of "the proffering party to lay a foundation to show that an otherwise excludable statement relates to a matter within the scope of the agent's employment," Sea-Land Serv., Inc. v. Lozen Int'l, Inc., 285 F.3d 808, 821 (9th Cir. 2001) (quoting Harris v. Itzhaki, 183 F.3d 1043, 1054 (9th Cir. 1999)), and constitutes an admission. "When a court is evaluating whether such a foundation has been established, '[t]he contents of the statement shall be considered but are not alone sufficient to establish . . . the agency or employment relationship and scope thereof.'" Id. (quoting Fed. R. Evid. 801(d)(2)).

Because plaintiffs appear to attempt to remove from the Court's purview any review of their proposed admissions, the Court should strike plaintiffs' "notice" of designations. Below, we further discuss specific objections to the proposed designations, to the extent that the Court considers plaintiffs' "notice" as a motion to deem testimony as admissions.

## II. PLAINTIFFS HAVE FAILED TO ESTABLISH AN INDEPENDENT BASIS FOR THE ADMISSION OF THE DESIGNATED TESTIMONY PURSUANT TO FEDERAL RULE OF EVIDENCE 801(d)(2)

### A. Plaintiffs Have Identified No Basis Upon Which To Avoid Their Burden Of Establishing The Admissibility Of Each Of Their Proposed Designations

In their "notice," plaintiffs assert that they need not comply with the requirements of RCFC 32(a) in submitting its testimony designations because all of the designated testimony is admissible as an admission of a party opponent, pursuant to FRE 801(d)(2). Plaintiffs rely upon the Court's decision in Globe Savings Bank v. United States, 61 Fed. Cl. 91 (2004), in which the Court held that a party need not show cause for the admission of deposition testimony, pursuant to RCFC 32(a), if the Federal Rules of Evidence, in particular the rule concerning admissions of a party opponent in FRE 801(d), provide an independent basis for the admission of the deposition testimony. Id. at 95 (2004);[1] see Long Island Savings Bank v. United States, 63 Fed. Cl. 157, 163 (2004). However, consistent with other court decisions, the Court in Globe and Long Island required a showing that the testimony that the plaintiffs sought to designate in each case properly met the requirements of FRE 801(d)(2) as an admission of a party opponent. See

[1] The factual difference between the instant case and Globe provides a proper basis for limiting the application of the analysis in Globe. The plaintiff in Globe was successful in offering into evidence portions of the deposition testimony of a single individual as the admission of a party opponent. Globe, 61 Fed. Cl. at 95. However, in this case, plaintiffs seek to admit the deposition and trial testimony of eight individuals as substantive evidence. Other courts have recognized that deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985). Plaintiffs' wholesale designation of deposition testimony, rather than providing proper trial testimony, amounts to a "trial by deposition," which is disfavored in the Federal courts. Id.

Sea-Land, 285 F.3d at 821; Carden v. Westinghouse Elec. Co., 850 F.2d 996, 1002 (8th Cir. 1998); Selby v. Pepsico, Inc., 784 F. Supp. 750, 757 (N.D. Cal. 1991). Plaintiffs have made no attempt to meet these requirements for any of the testimony that they have designated.

Rule 801(d)(2) provides, in pertinent part, as follows:

> Admission by a party-opponent. The statement is offered against a party and is . . .(D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . .

Fed. R. Evid. 801(d)(2). In Globe and Long Island, the Court conducted an analysis of the testimony designated to ensure that it met the requirements of the rule. Globe, 61 Fed. Cl. at 96-97; Long Island, 63 Fed. Cl. at 164-65. Specifically, the Court required the plaintiffs to establish that (1) the statements were made by the party, the United States, against whom the statements were being offered; (2) the subject matter of the testimony designated matched the "subject matter of the employee's job description;" and (3) all of the individuals for whom testimony was designated were employees of the United States Government at the time of their depositions. Id. (citations omitted).

Plaintiffs have wholly failed to provide the Court with the evidence necessary to make determinations regarding the extensive deposition testimony that they seek to designate as admissions of a party opponent. Plaintiffs have designated no testimony to establish the employee's job descriptions, when the individual was employed by the Department of Energy, or even that the individual was employed by the Department of Energy at the time of the testimony. Without this information, the Court is unable to make a proper determination as to whether the testimony is properly admissible. Instead, plaintiffs only offer a very short written description of some of the titles that the individuals may have held and a generalized description of the

testimony they have designated. Plaintiffs have not provided support for these descriptions in the accompanying designations or by any other evidence. Because plaintiffs have not undertaken the effort necessary to meet the requirements of FRE 801(d)(2)(D) and establish that the testimony designated truly constitute "admissions" against the Government, the Court should not admit the designated testimony as substantive evidence.

B. Plaintiffs Cannot Introduce Testimony From Individuals Who Were Not Employees Of The Federal Government At The Time Of Their Designated Testimony

Plaintiffs cannot seek to admit the testimony of Michael Lawrence or Benard Rusche pursuant to FRE 801(d)(2). Although these individuals had once been employed by the Federal Government, neither were Federal employees at the time of their depositions or trial testimony. Attachment A, Lawrence Dep., May 20, 2002, 13:11-25:25, Rusche Dep., May 16, 2002, 13:3-14, 39:19- 40:15. To fall within the parameters of FRE 801(d)(2)(D), the individual making the statements at issue must have been an employee or agent of the party opponent when the statement constituting the alleged admission was made. See, e.g., Young v. James Green Mgt., Inc., 327 F.3d 616, 622-23 (7th Cir. 2003) (statements made by former employees of party, who were not employed by party at time of statement, cannot be party admissions under FRE 801(d)(2)(D)); Shapiro, Lifschitz, & Schram, P.C. v. Hazard, 90 F. Supp. 2d 15, 18 n.3 (D.D.C. 2000) ("affidavit does not qualify under the party admission exception in Fed. R. Evid. 801(d)(2)(D) because O'Riordan is a former employee"); Robertson v. National R.R. Passenger Corp., No. 98-1397, 1999 WL 280407, at *1 (E.D. La. May 3, 1999) ("statement issued by a former employee after the employment ceases, is inadmissible under Rule 801(d)(2)(D)").

Plaintiffs, in their notice, recognize that neither Messrs. Lawrence or Rusche were employed by the Government at the time of their testimony, but argue that the testimony of these individuals still should be admitted because they once occupied senior positions within DOE, were represented by Government counsel at the time of their depositions and there is "no suggestion of an adverse position or bias toward the Government." Pl. Notice at 7. None of these facts establish, however, that Messrs. Lawrence or Rusche were employed by the United States at the time of their deposition, a requirement for the testimony to be admitted pursuant to FRE 801(d)(2)(D).

Plaintiffs also rely upon Kinser v. Gehl Co., 184 F.3d 1259, 1275 (10th Cir. 1999), as support for the proposition that the testimony of "former employees" can be properly admitted pursuant to FRE 801(d)(2)(D). However, it appears that the individuals' statements in that case were admitted pursuant to FRE 801(d)(2)(C), based upon a finding of "agency." Id. Plaintiffs have not and cannot make a similar showing of "agency" for the testimony of Messrs. Lawrence and Rusche. The fact that Government had identified them as individuals knowledgeable about relevant matters in the litigation and represented them during their depositions, based upon their positions as former Government employees, do not provide the necessary indicia. Therefore, plaintiffs have established no basis for the admission of the testimony of Messrs. Lawrence and Rusche as substantive evidence pursuant to FRE 801(d)(2)(D).

## III. PLAINTIFFS HAVE NOT MADE THE PROPER SHOWING AS TO WHY DESIGNATED TESTIMONY SHOULD BE ALLOWED TO BURDEN THE RECORD

### A. Plaintiffs Have Failed To Establish Good Cause For Using Deposition Designations *In Lieu* Of Live Testimony At Trial

Plaintiffs seek the admission of the testimony of eight individuals from 23 days of deposition or trial, consisting of 207 additional transcript pages for the Court to consider. Plaintiffs have made no effort to show that any of the witnesses whose deposition testimony they have designated are unavailable to testify at trial. Moreover, the testimony is irrelevant, incomplete, and replete with objections, all of which need to be ruled upon before the Court considers its substance. Because plaintiffs have failed to meet their burden to show why this testimony should be admitted, the Court should exclude it from the record.

Pursuant to paragraph 15(b) of Appendix A of the Court's rules, plaintiffs must show "good cause" for using designated deposition and trial testimony, "other than as provided by [FRE] 801(d)." See RCFC, App. A, ¶ 15(b) ("Any party intending to present substantive evidence by way of deposition testimony . . . *shall show cause* why the deposition testimony should be admitted") (emphasis added)); see also Angelo v. Armstrong World Industrial, 11 F.3d 957, 963 (10th Cir. 1993) (proponent of using deposition testimony at trial bears the burden of proving that it is admissible in lieu of live testimony under Rule 32 of the Federal Rules of Civil Procedure). Although paragraph 15(b) of Appendix A itself does not expressly require that a party "show cause" in a written motion regarding the admission of FRE 801(d) evidence, it is clear that this Court has a preference for live testimony and that, even though FRE 801(d) evidence may be presented at trial and supported orally, the party seeking to introduce duplicative, cumulative, and unnecessary evidence must properly support that request.

In their "notice," plaintiffs assert that their designations are proper because this case is one of 60 cases still pending before the Court, these witnesses have testified on multiple occasions, and their testimony has been admitted previously as substantive evidence. Pl. Notice at 2. While we appreciate plaintiffs' stated concern for the burden that testifying in multiple trials presents, plaintiffs' statement with regard to these eight witnesses is not accurate. With the exception of Messrs. Brownstein, Milner, and Rusche, none of these individuals have been asked to testify at trial in one of the spent nuclear fuel cases. Messrs. Brownstein, Milner, and Rusche have each only testified at trial once. Moreover, while the testimony of these individuals has been admitted previously, the Court has admitted that testimony over the Government's objection, founded on many of the same grounds raised in this motion. Plaintiffs have failed to show good cause as to why the testimony of these individuals should be admitted.

B. When There Has Been No Showing Of Unavailability, There Is A Strong Preference For Live Testimony

Plaintiffs proffer no evidence, and make no suggestion, that any of the eight witnesses whose deposition and trial testimony that they have designated have been or are unavailable to testify at the trial in this case. Counsel for plaintiffs served on October 31, 2007 subpoenas to appear at trial for seven of the eight individuals for whom plaintiffs have designated testimony, after learning of the basis for the Government's motion to strike earlier that day. The Government has undertaken the task of attempting to determine the availability for trial of these individuals. However, as stated in counsel's accompanying cover letter, these subpoenas were

only served "in an abundance of caution" should the Court grant the Government's motion to strike. A. 1.[2]

Even deposition testimony conceded to be an admission under FRE 801(d)(2)(D) should not be used in place of the deponent's live trial testimony when the deponent is readily available to testify at trial. Kolb, 109 F.R.D. at 127. Plaintiffs should be required to present their case through live testimony at trial and should not be permitted to avoid this obligation by forcing the Court and the Government to read and analyze pages of designations in addition to the evidence that plaintiffs present at trial.

Plaintiffs' failure to make a showing of unavailability flies in the face of established precedent. The preference for live testimony, when available, has been well-established by the courts:

> In both civil and criminal cases, our common law heritage has always favored the presentation of live testimony over the presentation of hearsay testimony by the out-of-court-declarant. See McCormick Evidence 2d § 244. The jury's observation of the demeanor of the witness and the effectiveness of cross-examination in the discovery of the truth are the traditional reasons for the preference even though the out-of-court statement had been given under oath.

United States v. Mathis, 559 F.2d 294, 299 (5th Cir. 1977); see Young & Assoc. Public Relations, L.L.C. v. Delta Air Lines, Inc., 216 F.R.D. 521, 522 (D. Utah 2003) ("[t]he deposition has always been, and still is, treated as a substitute, a second-best, not to be used when the original is at hand") (quoting from Judge Learned Hand in Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939)); Banks v. Yokemick, 144 F. Supp. 2d 272, 288 (S.D.N.Y. 2001) ("The general

---

[2] "A. __" refers to the appendix to this motion.

rule is that testimony at all trials must be live . . . [D]eposition testimony is only a substitute, not to be resorted to if the witness can appear in person"). Live testimony is necessary to provide this Court with an opportunity to evaluate the witnesses' demeanor during the discussion of events in which the witnesses were involved. Clearly, the reading of a deposition transcript does not serve as an adequate alternative to evaluation of the witness' testimony in person. See American Steel Works v. Hurley Construction Co., 46 F.R.D. 465, 470 (D. Minn. 1969) ("[t]he taking of a deposition is not equivalent to having 'live' testimony"); see also Grimna v. Makousky, 76 F.3d 151, 153 (7th Cir. 1966) ("strong preference of Anglo-American courts for live testimony"); Kolb, 109 F.R.D. at 127 ("when depositions are submitted in place of live testimony, the trial judge is denied the opportunity to question the witness . . . [c]learly, testimony by deposition is less desirable than oral testimony and should be used as a substitute only under very limited circumstances."). The preference for live testimony is recognized in Rule 32 itself, which provides that the Court may allow deposition testimony to be introduced unless it finds "it is not in the interests of justice, *with due regard to the importance of presenting the testimony of witnesses orally in open court* . . ." RCFC 32(a)(3)(E)(ii) (emphasis added).

The inquiry on the admissibility of deposition and trial transcripts under RCFC 32 is further informed by this "long-established principle that testimony by deposition is less desirable than oral testimony and should ordinarily be used as a substitute only if the witness is not available to testify in person." 8A C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 2142, at 158 (2d ed. 1994) (discussing FRCP 32); see Fed. R. Evid. 804(b)(1), Advisory Committee Notes (1972) ("testimony given on the stand in person is preferred over

hearsay," such as a witness' former testimony, and "tradition, founded in experience, uniformly favors the production of the witness if he is available" because the "opportunity to observe demeanor is what in a large measure confers depth and meaning upon oath and cross-examination"). Plaintiffs' introduction into evidence of deposition and trial testimony designations deprives the Court of the opportunity to see witnesses respond to questions, explain their testimony, as well as respond to any questions asked by the Court. Because this Court possesses national jurisdiction and can summon witnesses to testify form throughout the United States when necessary (RCFC 63), this Court should adhere to the strong preference for live testimony and reject plaintiffs' attempt to eliminate the need to present such testimony to the Court.

Finally, even if the Court in Globe is correct that deposition testimony satisfying the requirements of FRE 801(d)(2) is admissible even if the witness is available to testify, this Court retains the discretion to preclude wholesale introduction of deposition testimony that plaintiffs propose to introduce, which threaten to transform this case into a document review case without testimony.[3] See RCFC 1. A party's right to present its case in the manner that it desires "must be balanced against a court's leave to set reasonable limits on the admission of evidence." United States v. Blum, 62 F.3d 63, 67 (2d Cir. 1995) (citing Delaware v. Van Arsdall, 475 U.S.

---

[3] With plaintiffs' designations, this Court must review voluminous snippets of substantive testimony, replete with objections, as well as counter-designations, themselves replete with objections, and rule upon all objections, in order to admit the testimony into evidence. RCFC 32(d)(3)(A) ("Objections to the competency of a witness or to the competency, relevancy, or materiality of testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which might have been obviated or removed if present at that time"). By submitting pages of deposition testimony, plaintiffs not only attempt to supplement their trial time, but also has significantly increased the Government's out-of-trial work.

673, 679 (1986)). "[J]udges are accorded 'wide latitude' in excluding evidence that poses an undue risk of 'harassment, prejudice [or] confusion of the issues' or evidence that is 'repetitive or only marginally relevant.'" Blum, 62 F.3d at 67 (quoting Van Arsdall, 475 U.S. at 679); see United States v. Holmes, 44 F.3d 1150, 1157 (2d Cir. 1995) ("[a]bsent a clear abuse of discretion, a trial judge retains a wide latitude to exclude irrelevant, repetitive, or cumulative evidence"); see also Pacific Gas & Electric Co. v. United States, 73 Fed. Cl. 333, 442 (2006) (court struck deposition designations not relied upon by parties in post-trial briefing to avoid burdening the record, pursuant to FRE 403). Under the Rules, this Court possesses the clear authority to exclude the wholesale introduction of designated testimony, in place of live testimony.

## IV. PLAINTIFFS HAVE FAILED TO ESTABLISH A PROPER FOUNDATION FOR MUCH OF THE DESIGNATED TESTIMONY

Plaintiffs, in compiling their designations, have wholly failed to establish the proper foundation for much of the testimony that they have designated. As noted above, plaintiffs have failed to provide to designate any testimony regarding the positions that the witnesses held or when they joined DOE. In addition to eliminating the Court's ability to evaluate whether the testimony constitutes proper "admissions" against the Government, plaintiffs' failure to designate a proper foundation also eliminates the Court's ability to evaluate whether the witness possessed the proper foundational basis for the testimony designated.

For example, plaintiffs have designated the testimony of Mr. Lake Barrett regarding the development of the 3,000 Metric Tons Uranium ("MTU") design rate for the repository. However, as Mr. Barrett explained during his deposition, this rate was developed before Mr. Barrett joined the program in 1985. Attachment A, Barrett Dep. Apr. 22, 2002, 149:5-12.

Plaintiffs have designated little, if any, testimony regarding when these individuals began their involvement with the program and testimony regarding the nature of their responsibilities. Without this information, the Court cannot properly evaluate whether the designated testimony has a proper foundation.

Plaintiffs' designations also are replete with testimony concerning documents that were identified as exhibits during the depositions from which the testimony is designated. These designations are problematic because it is not clear from many of the designations what document is being discussed or whether a proper foundation has been laid for the witness to testify about that specific document. Moreover, it is not clear as to whether these documents are included on plaintiffs' exhibit list or whether they will be admitted into evidence at trial.[4]

For example, plaintiffs have designated Mr. Rosselli's testimony about a document that is not included on either parties' exhibit list. See Pl. Notice, Att. V (Rosselli Dep., Mar. 15, 2002, 176:9-176:15 and 179:9-181:2). Similarly, plaintiffs have designated Mr. Trebules' testimony about exhibits that are not identified in the designations. See, e.g., Pl. Notice, Att. VIII (Trebules Dep., Apr. 17, 2002, 109:18-111:15). Often the testimony that identifies the documents establishes that the witness lacks the proper foundation to testify about the contents of the document. For example, plaintiffs have designated testimony from Mr. Trebules' deposition concerning exhibit 4 to that deposition, but have not designated the testimony from the deposition that identifies exhibit 4 as the December 1983 draft Mission Plan and indicates

---

[4] Where we have a particular concern that the witness lacks the proper foundation to provide the testimony, we have lodged a "foundation" objection. See Attachment A.

that Mr. Trebules did not recall seeing the document before his deposition because it was prepared before he joined DOE. Attachment A, Trebules Dep., Apr. 17, 2002, 78:1-79:17.

With the designation of testimony without clear reference to the document about which the witness was being asked, plaintiffs ask the Court to admit testimony about documents that the Court will not have the ability to review or evaluate. Moreover, these designations do not provide the Court with the benefit of an explanation as to why the documents are important or, conversely, why the documents should be disregarded.[5] For these reasons, the designations that concern documents that are not clearly identified or not made part of the record at trial should not be admitted by the Court.

## VI. NOTWITHSTANDING PLAINTIFFS' FAILURE TO DEMONSTRATE THE ADMISSIBILITY OF DEPOSITION TESTIMONY IN THIS CASE, THE GOVERNMENT SUBMITS ITS OBJECTIONS AND COUNTER-DESIGNATIONS

If the Court allows the testimony that plaintiffs have designated to become part of the record in this case, the Government respectfully requests that the Court first rule upon the objections to that testimony indicated in the portions of the testimony designated. RCFC 32(b). Thereafter, and to the extent that the Court admits any designated testimony, the Government requests that the Court consider the Government's counter-designations from these same depositions. FRE 106. The Government's objections and counter-designations are identified in Attachment A to this motion.

[5] When we have been able to discern that the designated testimony concerns a document that may or may not be identified in the testimony excerpted, we have lodged a "best evidence" objection. See Attachment A.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny the admission of the deposition and trial testimony that plaintiffs have designated or, in the alternative, that the Court rule upon the Government's objections prior to the admission of any designations and admit the Government's counter-designations.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Andrew P. Averbach by s/ Marian E. Sullivan
ANDREW P. AVERBACH
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0527
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of the General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
Senior Trial Counsel

CHRISTOPHER J. CARNEY
LISA L. DONAHUE
STEPHEN FINN
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

November 2, 2007

# APPENDIX

INDEX TO APPENDIX AND ATTACHMENT

APPENDIX:

Letter from Brad Fagg, Morgan Lewis & Bockius, LLP, to Andrew Averbach, U.S. Department of Justice, dated October 31, 2007 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ATTACHMENT A:

Defendant's Objections To Plaintiffs' Designations And Defendant's Counter-Designations

Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Tel: 202.739.3000
Fax: 202.739.3001
www.morganlewis.com

Morgan Lewis
COUNSELORS AT LAW

**Brad Fagg**
202-739-5191
bfagg@morganlewis.com

October 31, 2007

**BY HAND DELIVERY**

Andrew Averbach, Esq.
Department of Justice, Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Washington, D.C. 20530

Re: ***Carolina Power & Light Co. and Florida Power Corp. v. United States, No. 04-37***

Dear Mr. Averbach:

As we discussed, enclosed are subpoenas for Alan Brownstein, Michael J. Lawrence, Ronald A. Milner, Robert M. Rosselli, Ben Rusche, Nancy H. Slater and Victor W. Trebules. You and Ms. Sullivan indicated that you would accept service of these subpoenas. As with the subpoenas we served yesterday, we have not enclosed attendance fees for these witnesses. Please let us know immediately if your policy in that regard has changed.

As we talked about, Plaintiffs desired to avoid unduly protracting the trial in this case, and also desired to avoid needlessly inconveniencing these former and current government employees. We therefore designated the prior testimony of these individuals. All of that prior testimony was given in the presence of government attorneys, who were representing the individuals at the time, and much of the testimony has been accepted as evidence in other cases. However, based on your representations that you will move to strike the designations of all of these former government witnesses, we have no choice but to serve these subpoenas in an abundance of caution, so that we can preserve our ability to call these witnesses if your challenge is successful. Depending upon how the Court rules upon your anticipated motion to strike, we may be able to release some or all of these subpoenas, but we are not in a position to do so now.

Our understanding is that in other cases the government has argued against calling former government personnel to testify at trial because of the number of potential court appearances that they have had to make. It is therefore surprising to us that the government would now take the opposite position, *i.e.,* that such prior testimony should not be designated.

Morgan Lewis
COUNSELORS AT LAW



You had asked if we would agree to designations of prior testimony of Loring Mills. We have no desire to burden Mr. Mills (whom I have never met or spoken to). We simply cannot agree to allow designations that the government desires to be admitted, when the government absolutely refuses to reciprocally agree to (indeed even to discuss) the admission of designations that Plaintiffs deem relevant. We wish the circumstances were otherwise.

Sincerely,

Brad Fagg

Enclosures

ATTACHMENT A

DEFENDANT'S OBJECTIONS TO PLAINTIFFS' DESIGNATIONS
AND DEFENDANT'S COUNTER-DESIGNATIONS

**GUIDE TO OBJECTIONS**

| **OBJECTION** | **MEANING** |
|---|---|
| FOUNDATION | QUESTION SEEKS TESTIMONY THAT IS OUTSIDE OF WITNESS'S PERSONAL EXPERIENCE OR OUTSIDE THE SCOPE OF EMPLOYMENT, OR THE WITNESS'S PERSONAL EXPERIENCE HAS NOT BEEN ESTABLISHED |
| LEGAL CONCLUSION | QUESTION CALLS FOR LEGAL CONCLUSION |
| SPECULATION | QUESTION SEEKS INFORMATION EITHER NOT BASED UPON THE WITNESS'S KNOWLEDGE OR EXPERIENCE OR CONCERNS A HYPOTHETICAL |
| BEST EVIDENCE | TESTIMONY CONTAINS EXCERPTS FROM A DOCUMENTS OR DISCUSSES A DOCUMENT, THE BEST EVIDENCE OF WHICH IS THE DOCUMENT ITSELF (WHICH MAY NOT BE IN EVIDENCE OR IDENTIFIED AS A TRIAL EXHIBIT) |
| VAGUE | MEANING OF TERMS WITHIN THE QUESTION ARE UNCLEAR |
| RELEVANCE | TESTIMONY IS NOT RELEVANT TO THE ISSUES TO BE DECIDED BY THE COURT |
| HEARSAY | TESTIMONY CONTAINS STATEMENTS MADE BY OTHERS |

**LAKE BARRETT**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 22, 2002**<br>51:17-52:17 | Foundation, speculation, vague (as to term "important") |
| 53:16-57:2 | Legal conclusion, foundation, vague |
| 58:13-59:11 | Foundation, speculation |
| 116:14-122:6 | Foundation, legal conclusion, vague |
| 198:1-198:10 | Foundation, best evidence, vague (as to "studies") |
| 217:3-17 | Foundation, mischaracterizes prior testimony |
| | |
| **April 23, 2002**<br>340:17-342:2 | Foundation, speculation |
| 345:4-16 | Foundation, speculation |
| 349:8-350:11 | Foundation, best evidence |
| | |
| **May 8, 2002**<br>948:10-949:7 | Foundation, legal conclusion, vague |
| | |
| **May 10, 2002**<br>1163:10-1166:7 | Foundation, legal conclusion, best evidence, vague (as to "mission") |
| 1331:7-17 | Foundation |
| 1332:19-1333:16 | Foundation |
| 1334:6-1335:10 | Foundation |
| 1368:10-1369:14 | Foundation |
| 1369:22-1371:14 | Best evidence |

| | |
|---|---|
| **May 14, 2002**<br>120:22-121:6 | Foundation |

<u>Counter-Designations</u>:

**April 22, 2002**

16:12-16
38:14-15
43:13-49:1
65:10-69:19
80:10-81:1
83:7-84:5
116:14-117:18
120:22-121:21
149:5-150:20
180:16-181:17
194:19-197:22
201:15-203:3
242:16-249:19

**April 23, 2002**

399:22-401:3
412:22-413:16
427:14-435:2
442:19-445:5
461:14-465:9

**April 26, 2002**

699:6-16
718:12-16
742:14-743:1

**May 8, 2002**

939:13-940:8
953:21-955:14
965:2-966:15

**May 10, 2002**

1148:22-1151:4
1341:2-1342:14
1347:14-1348:14

**ALAN BROWNSTEIN**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 9, 2002**<br>129:24-130:17 | Best evidence |
| 133:19-134:25 | Legal conclusion, best evidence |
| 136:7-138:10 | Foundation, best evidence, speculation |
| 144:1-18 | Legal conclusion, vague |
| | |
| **April 10, 2002**<br>282:5-282:22 | Foundation, best evidence |
| 331:24-333:21 | Best evidence |
| 367:14-368:25 | Legal conclusion |
| 376:22-378:5 | Legal conclusion |
| 411:24-412:21 | Legal conclusion, vague |
| 413:13-414:12 | Foundation |
| | |
| **June 14, 2002**<br>423:20-427:4 | Relevance |
| 427:16-428:5 | Vague, relevance |

Counter-designations:

**April 9, 2002**

61:16-63:4
88:5-89:8
128:18-136:6

**April 10, 2002**

294:7-295:19
388:23-400:21

**April 11, 2002**

549:7-14

**May 23, 2002**

152:6-156:25
167:4-15

**MICHAEL LAWRENCE**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **May 20, 2002**<br>60:23-64:21 | Legal conclusion |
| 77:2-78:4 | Foundation, vague, compound |
| 131:1-16 | Legal conclusion, foundation |
| 142:10-143:9 | Foundation, best evidence, vague (as to term "intent") |
| 166:7-167:6 | Foundation, speculation |
| 187:15-189:3 | Foundation, best evidence |
| 194:19-195:6 | Foundation, best evidence |
| 197:19-198:15 | Best evidence, vague, speculation |
| 201:11-21 | Foundation, best evidence |
| | |
| **May 21, 2002**<br>301:20-305:4 | Foundation, legal conclusion, best evidence |
| 307:17-309:20 | Foundation, speculation |
| 325:1-328:10 | Foundation, speculation, best evidence |
| 329:11-334:5 | Legal conclusion, best evidence, speculation |
| 336:12-337:23 | Legal conclusion |

Counter-designations:

**May 20, 2002**

13:11-25:25
110:22-113:20
114:12-117:2

122:8-123:25
124:8-126:23
165:13-166:2
169:11-174:24
184:3-185:24
201:22-204:4

**May 21, 2002**

255:3-258:10
259:14-260:22
266:22-267:25
294:6-295:5
311:10-315:18
316:20-317:25
328:11-329:11
334:6-336:11
341:19-345:19

**RONALD MILNER**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **May 1, 2002**<br>65:21-25 | Relevance |
| 72:21-73:22 | Foundation, best evidence, vague (as to timeframe) |
| 84:17-85:24 | Best evidence |
| | |
| **May 2, 2002**<br>334:20-335:11 | Best evidence, relevance |
| | |
| **May 3, 2002**<br>412:3-22 | Foundation, best evidence, vague |
| 572:25-574:18 | Relevance, speculation, vague |
| | |
| **May 7, 2002**<br>31:4-32:11 | Legal conclusion |
| | |
| **August 11, 2004**<br>4749:16-4750:6 | Relevance, vague (as to term "reasonable") |

Counter-designations:

**May 1, 2002**

27:23-28:6
41:3-17
67:5-69:12
71:21-25
132:2-133:4

**May 2, 2002**

300:10-305:22
317:24-318:21
391:13-392:17

**May 3, 2002**

552:12-555:6

**May 8, 2002**

211:24-216:2

**August 11, 2004**

4711:23-4716:2
4723:9-4726:10
4735:17-4742:11
4753:11-4754:9
4755:23-4756:12
4760:12-15

**ROBERT ROSSELLI**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 15, 2002**<br>139:24-140:10 | Legal conclusion, best evidence |
| 147:15-149:17 | Legal conclusion, best evidence, speculation |
| 176:9-15 | Best evidence |
| 179:9-181:2 | Best evidence, vague |

Counter-designations:

**April 15, 2002**

48:6-17
68:9-71:16
92:16-24
93:20-94:13
135:6-136:23
158:5-162:18

**April 16, 2002**

193:25-196:14
263:23-264:6
296:8-300:22

**BEN RUSCHE**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **May 16, 2002**<br>152:22-153:5 | Foundation |
| 158:19-159:23 | Foundation, best evidence |
| 243:21-247:14 | Foundation, legal conclusion, best evidence, vague |
| | |
| **May 17, 2002**<br>376:20-377:6 | Foundation, best evidence, vague |

Counter-designations:

**May 16, 2002**

13:3-14
39:19- 40:15
84:20-86:7
159:24-162:21
168:23-170:15
174:5-185:4
187:25-189:15
219:15-220:21
230:17-233:23
271:1-274:8
289:16-293:3
295:18-296:21

**May 17, 2002**

436:18-437:7

**NANCY SLATER (THOMPSON)**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 21, 1999**<br>161:14-162:1 | Foundation, best evidence |
| 163:18-164:22 | Best evidence, vague |
| | |
| **April 22, 1999**<br>244:5-246:4 | Foundation |
| | |
| **June 13, 2002**<br>94:16-99:6 | Foundation, legal conclusion, best evidence, vague |

Counter-designations:

**April 21, 1999**

32:23-33:6
82:10-15
82:19-83:10
106:16-108:10
164:23-165:13
176:11-25

**April 22, 2002**

245:17-246:4
251:23-253:10
253:22-254:11
257:23-259:24

**June 13, 2002**

87:24-89:21
149:10-153:14

**VICTOR TREBULES**

Objections:

| **Testimony** | **Objections** |
|---|---|
| | |
| **April 17, 2002**<br>44:17-45:17 | Foundation, relevance |
| 52:11-54:4 | Foundation, best evidence, speculation |
| 57:15-60:14 | Legal conclusion, best evidence |
| 96:19-101:19 | Foundation, best evidence |
| 104:2-107:6 | Best evidence, speculation |
| 109:18-111:15 | Foundation, best evidence |
| 120:9-124:2 | Best evidence |
| 177:18-178:11 | Vague (as to "accepted spent fuel range") |

Counter-designations:

**April 17, 2002**

15:17-16:17
18:18-19:4
42:5-44:17
76:17-77:22
78:1-79:17
84:12-88:6
101:21-103:22
113:18-116:14
122:10-124:18
146:12-148:21
173:2-176:9
180:7-186:22

**April 18, 2002**

381:5-382:14

**April 18. 2002** (Yankee Atomic deposition)

125:14-127:13