IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CAROLINA POWER & LIGHT COMPANY, et al.**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | ) | No. 04-37C<br>(Judge Wheeler) |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' BILL OF COSTS**

Plaintiffs Carolina Power & Light Company and Florida Power Corporation (collectively for these purposes "Progress Energy") respectfully request that costs in the amount of $32,120.27 be taxed against Defendant United States. Progress Energy's request is based upon the following grounds and authorities, the accompanying support, the Court's Opinion and Order dated May 19, 2008, and Rule 54 of the Rules of the Court of Federal Claims ("RCFC").

**SUPPORT**

In its May 19, 2008 Order, the Court awarded costs to Plaintiffs pursuant to Rule 54 of the RCFC, which provides that costs other than attorneys' fees may be awarded to the prevailing party to the extent permitted by law. The categories of taxable costs awardable under Rule 54 are set forth in 28 U.S.C. § 1920. *See* 28 U.S.C. § 2412(a) (2008). Specific types of taxable costs claimed in this case are (i) fees of the clerk, (ii) fees of the court reporter, (iii) witness fees and related expenses, (iv) copying costs of trial exhibits, (v) costs incident to taking depositions, and (vi) costs of deposition transcripts necessary for trial.

Progress Energy is entitled to the costs summarized in the following table:

| | |
|---|---|
| Fees of clerk | $150.00 |
| Fees of court reporter | $11,702.33 |
| Fees for witnesses | $7,524.42 |
| Fees for duplications | $1,744.17 |
| Costs incident to taking depositions | $1,599.50 |
| Costs for deposition transcripts | $9,399.85 |
| **Total** | **$32,120.27** |

Additional details regarding these costs, and support for their recovery, is provided below.

## I. Fees of the clerk

Progress Energy is entitled to costs in the amount of $150.00 for filing fees paid to the clerk. 28 U.S.C. § 1920(1). Attached in Appendix I is a copy of the docket sheet indicating that this fee was paid on January 14, 2004, when Progress Energy filed its complaint. Also attached is a copy of the stub from the check used for payment of this fee.

## II. Fees of the court reporter

Progress Energy is entitled to costs in the amount of $11,702.33 for fees of the court reporter for transcripts of court proceedings. 28 U.S.C. § 1920(2). "The court has discretion to tax the cost of transcripts of court proceedings when: (1) the transcripts are necessarily obtained for use in the case and (2) the cost is reasonable." *Ace Constructors, Inc. v. United States*, 81 Fed. Cl. 161, 170 (2008). To properly litigate this case, it was necessary for Progress Energy to obtain transcripts of the pre-trial hearing and the entire two-week trial.

A copy of the transcript for the pretrial conference, held on October 30, 2007, was necessary for Progress Energy's trial preparations, and specifically to ensure compliance with the Court's instructions. Transcripts from the entire two-week trial were also necessary for use in

this case. The entire trial transcript was needed to effectively prepare post-trial arguments and submit the comprehensive proposed findings of fact required by the Court. Moreover, due to the length of trial and complexity of the issues, an electronic version of the transcript was essential for managing and organizing the testimony, and preparing the post-trial submissions. *See*, *id.* ("The court concurs that, although certainly convenient for ACE's attorneys, the electronic transcripts were not simply for convenience, but rather were necessary to timely post-trial preparation of the case."). The recoverable transcript costs, invoices for which are attached in Appendix II, are as follows:

| **Description** | **Pages/Units** | **Rate** | **Cost** |
|---|---|---|---|
| Transcript of proceedings held on October 30, 2007, necessary to prepare for trial. (Reference No. 071030002, 10/30/07) | 29 | 3.30 | $95.70 |
| Delivery of transcript of proceedings held on October 30, 2007. (Reference No. 071030002, 10/30/07) | 1 Set | 20.00 | $20.00 |
| Transcripts for entire trial necessary for preparation of post-trial briefs. (Invoice No. 28116, 11/26/07) | 2,181 | 4.40 | $9,596.40 |
| Electronic transcript on CD for trial vital to putting together post-trial arguments and proposed findings of fact. (Invoice No. 28116, 11/26/07) | 2,181 | .83 | $1,810.23 |
| Delivery of trial transcripts. (Invoice No. 28116, 11/26/07) | 9 Sets | 20.00 | $180.00 |
| **TOTAL** | | | **$11,702.33** |

**III. Fees for witnesses**

Pursuant to 28 U.S.C. § 1920(3), plaintiffs seek recovery of the statutory witness fees for each testifying witness, along with travel expenses and a subsistence allowance for trial testimony.

A witness is entitled to a $40 per day witness fee for each day's attendance in court and the time necessarily occupied in going to and returning from court. 28 U.S.C. § 1821(b). Progress Energy seeks recovery of the witness fess for Robert Kunita and Tom Lehmann. (Progress Energy is not seeking recovery for current or former employees who did not receive separate payments.)

Witnesses are also entitled to payment for actual travel expenses for travel by common carrier. 28 U.S.C. § 1821(c)(1). Progress Energy seeks costs incurred for witnesses to travel by air and driving personal automobiles. 28 U.S.C. § 1821(c)(1) and (2). A witness who travels by privately owned vehicle is eligible for a travel allowance equal to mileage allowance prescribed by the Administrator of General Services. 28 U.S.C. § 1821(c)(2). The rate is available at http://www.gsa.gov/Portal/gsa/ep/contentView.do?contentId=9646&contentType=GSA_BASIC. A copy of this webpage is included in Appendix III. At the time of trial, the rate was $.485 per mile.

Finally, witnesses are entitled to a subsistence allowance when an overnight stay is required for their appearance. 28 U.S.C. § 1821(d)(1). The maximum amount of subsistence allowance is calculated by utilizing the per diem rate prescribed for Federal Government employees by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a) as prescribed by 28 U.S.C. § 1821(d)(2). The per diem allowance for the District of Columbia is $201 for lodging, $64 for a full day's subsistence, and $48 for subsistence on travel days. *See*

Domestic Per Diem Rates, District of Columbia – FY 08.[1] Incidental costs, such as toll charges, taxicab fares and parking fees are paid in full. 28 U.S.C. § 1821(c)(3). Progress Energy seeks the following costs for meals and incidental expenses of these testifying witnesses:

| | **Dates** | **M&IE (full day: $64 max. / travel day: $48 max.)** | | | | **Total** |
|---|---|---|---|---|---|---|
| | | **Break-fast** | **Lunch** | **Dinner** | **Tolls, Taxis & Parking** | |
| S. Edwards | Nov. 4 | | | | $10.00 | $10.00 |
| | **Nov. 5** | $5.83 | $9.66 | $27.39 | $10.00 | $52.88 |
| | **Nov. 6** | $6.36 | $9.88 | $19.73 | $10.00 | $45.97 |
| | **Nov. 7** | $6.82 | $11.52 | $28.49 | $10.00 | $56.83 |
| | | | | | **SUBTOTAL** | **$165.68** |
| W. Worthington | Nov. 6 | | | $19.73 | | $19.73 |
| | **Nov. 7** | | $9.22 | $28.49 | $6.00 | $43.71 |
| | Nov. 8 | $3.30 | $5.59 | | $24.00 | $32.89 |
| | | | | | **SUBTOTAL** | **$96.33** |
| M. Culver | Nov. 6 | | $6.50 | $19.73 | $4.75 | $30.98 |
| | Nov. 7 | $4.00 | $8.00 | $28.49 | | $40.49 |
| | **Nov. 8** | | $2.00 | $9.50 | $49.75 | $61.25 |
| | | | | | **SUBTOTAL** | **$132.72** |
| D. Tibbitts | Nov. 7 | | $5.50 | | $15.00 | $20.50 |
| | **Nov. 8** | $4.30 | $8.00 | $27.39 | $10.00 | $49.69 |
| | Nov. 9 | $5.50 | $7.50 | | $40.00 | $53.00 |
| | | | | | **SUBTOTAL** | **$123.19** |
| T. Lehmann | Nov. 7 | $9.65 | $20.20 | $41.30 | | $48.00 |
| | **Nov. 8** | $14.55 | $10.20 | $70.60 | | $64.00 |
| | **Nov. 9** | $14.55 | $23.13 | $18.70 | | $48.00 |
| | | | | | **SUBTOTAL** | **$160.00** |
| T. Williams | Nov. 8 | | $13.00 | $27.39 | | $40.39 |
| | **Nov. 9** | | $15.00 | | $39.50 | $54.50 |
| | | | | | **SUBTOTAL** | **$94.89** |
| M. Calvello | Nov. 8 | $3.75 | $6.09 | $27.39 | | $37.23 |
| | Nov. 9 | | $10.23 | $7.50 | $5.00 | $22.73 |
| | Nov. 12 | | | | $4.00 | $4.00 |
| | **Nov. 13** | $4.66 | $10.45 | $8.21 | $17.00 | $40.32 |
| | | | | | **SUBTOTAL** | **$104.28** |

[1] A description of these rates are available at the following website: http://www.gsa.gov/Portal/gsa/ep/contentView.do?queryYear=2008&contentType=GSA_BASIC&contentId=17943&queryState=District+of+Columbia&noc=T. A copy of this webpage is included in Appendix III.

In sum, the recoverable witness costs, support for which is attached in Appendix III, are as follows:

| | **Attendance Fee ($40 per day)** | **Actual Travel Expenses** | **Lodging ($201 daily max.)** | **M&IE (From above)** | **Total** |
|---|---|---|---|---|---|
| L. Martin | - | - | $402 | - | $402.00 |
| S. Edwards | - | $243.80 | $603 | $165.68 | $1,012.48 |
| R. Kunita | $120 | $248.80 | $402 | - | $770.80 |
| W. Worthington | - | $203.80 | $402 | $96.33 | $702.13 |
| M. Culver | - | $574.80 | $402 | $132.72 | $1,109.52 |
| D. Tibbitts | - | $288.80 | $402 | $123.19 | $813.99 |
| T. Lehmann | $120 | $297.30 | $402 | $160.00 | $979.30 |
| T. Williams | - | $438.80<br>$75.66[2] | $201 | $94.89 | $810.35 |
| M. Calvello | - | $145<br>$272.57[3] | $402 | $104.28 | $923.85 |
| **TOTAL** | | | | | **$7,524.42** |

## IV. Costs for duplication

Progress Energy is entitled to photocopy charges for papers necessarily obtained for use in the case. 28 U.S.C. § 1920(4). Three copies of Progress Energy's exhibits were necessarily obtained for use in the case: One copy for the Court, one for the clerk and court reporter, and one for Progress Energy. Progress Energy actually paid $2,325.57 for 4 hardcopy sets of its exhibits (36,652 pages at $0.06 a page plus $126.45 in sales tax). (See invoice in Appendix IV.) The cost per set, therefore, was $581.39. The charge for three copies of the exhibits, therefore, was $1,744.17. Progress Energy requests this amount be taxed to the government.

---

[2] For driving personal automobile from Crystal River, Fl. to Tampa, Fl., which is 78 miles each way according the Rand McNally mileage calculator. *See* 28 C.F.R. § 21.6 (2007). 156 x .485 = 75.66

[3] For driving personal automobile from Raleigh to Washington, D.C., which is 281 miles each way according the Rand McNally mileage calculator. *See* 28 C.F.R. § 21.6 (2007). 562 x .485 = 272.57

## V. Costs incident to taking of depositions

Pursuant to 28 U.S.C. § 1920(2), "[c]osts for deposition transcripts may be awarded if they were necessarily obtained for the use in the case." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184 (Fed. Cir. 1996) (internal quotation marks omitted). A transcript may be reasonably necessary for use in the case even if it was not used at trial. *Id.* "The underlying inquiry is whether the depositions reasonably seemed necessary at the time they were taken." *Id.*

Mr. Maret was hired by the government as a testifying expert witness to give opinions regarding the technical aspects of Progress Energy's case. Mr. Johnson was hired by the government as a testifying expert witness to give opinions about and an accounting of the government's alleged offsets to Progress Energy's claim. Deposing both Mr. Maret and Mr. Johnson about their opinions and the basis for those opinions was necessary for Progress Energy to prepare for trial. Due to the complexity of the issues in this case, transcripts were necessary for reference. In addition, the exhibits used during the expert depositions were potential trial exhibits and thus copies were required, which made scanning necessary. Progress Energy, therefore, is entitled to the following costs incurred deposing the government's witnesses:

| **Description** | **Pages/Units** | **Rate** | **Cost** |
|---|---|---|---|
| Transcript of Gregory A. Maret deposition held on September 6, 2007 | 244 | 3.55* | $866.20 |
| Scanning Exhibits from Gregory A. Maret deposition | 196 | .5 | $98.00 |
| Shipping and Handling Gregory A. Maret deposition | | | $15.00* |
| Transcript of R. Larry Johnson deposition held on September 10, 2007 | 146 | 3.55 | $518.30 |
| Scanning Exhibits from R. Larry Johnson deposition | 174 | .5 | $87.00 |
| Shipping and Handling of R. Larry Johnson deposition | | | $15.00 |
| **TOTAL** | | | **$1,599.50** |

*Price adjusted because invoiced for expedited delivery.

Invoices for these costs are attached in Appendix V.

## VI. Costs for transcripts of depositions taken by the government

In addition to costs incident to taking depositions, 28 U.S.C. § 1920(2) permits taxation of costs for transcripts of depositions noticed by other parties, if the transcripts were necessarily obtained for use in the case. *See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc.*, 729 F.2d 1530, 1553 (5th Cir. 1984) ("Even the depositions of witnesses testifying for [the prevailing party] were used by counsel to structure their questioning of the witnesses."); *Shell Petroleum, Inc. v. Untied States*, 2004 WL 5580480, at *3 (Fed. Cl. 2004) (awarding defendant its costs for transcripts of depositions, including three taken by plaintiff of defendant's witnesses).

Out of the 17 depositions taken by the government in this case, 12 seemed at the time to be of witnesses likely to testify at trial. Transcripts for these depositions, therefore, were necessary for Progress Energy to plan its litigation strategy and, for those who were actually called at trial, to structure direct examinations. The chart below lists the cost of each transcript for which Progress Energy is entitled to compensation, and how the transcript was used by Progress Energy. Invoices in support of these costs are attached in Appendix VI.

| **Description and use** | **Pages/Units** | **Rate** | **Cost** |
|---|---|---|---|
| Transcript of Louis B. Wilson deposition held on April 18-19, 2007. Mr. Wilson was project manager for the Robinson ISFSI, the cost for which was nearly 40% of Progress Energy's claim. (9/12/07 Pl. Pre-Trial Br. at 4.) The government deposed him for two days. At the time of his deposition he was considered a potential trial witness. His transcript was used for planning the presentation of Progress Energy's case. | 238 | 2.70* | $642.60 |
| Transcript of Robert Kunita deposition held on April 24-25, 2007. Mr. Kunita was working at Progress Energy at the time the Standard Contract was formed. The government deposed him for two days and at the time of his deposition he was considered a potential trial witness. He was called to testify at trial and his transcript was used to structure questions for his examination. | 483 | 2.70* | $1,304.10 |

| | | | |
|---|---|---|---|
| Transcript of Louis H. Martin deposition held on May 30, 2007. Mr. Martin was working at Progress Energy at the time the Standard Contract was formed. At the time of his deposition he was considered a potential trial witness. He was called to testify at trial and his transcript was used to structure questions for his examination. | 246 | 2.70* | $664.20 |
| Transcript of Alva Wayne Worthington deposition held on June 13-14, 2007. Mr. Worthington is the lead engineer in the Spent Fuel Management Group. He was responsible for Progress Energy's causation spreadsheet and was a potential trial witness at the time of his deposition. The government deposed him for two days. He was called to testify at trial and his transcript was used to structure questions for his examination. | 392 | 2.70* | $1058.40 |
| Transcript of Michael J. Calvello deposition held on June 14, 2007. Mr. Calvello is Manager of Nuclear Generation Group Business Services at Progress Energy. He knows how financial data at Progres Eenrgy are kept and how the financial data underlying Progress Energy's claim was compiled. He was considered a potential trial witness when he was deposed and was called to testify at trial. The transcript of his deposition was used to structure questions for his direct examination. | 208 | 2.70* | $561.60 |
| Transcript of Robert Steven Edwards deposition held on June 14-15, 2007. Mr. Edwards is supervisor of Spent Fuel Management at Progress Energy. He was involved in the projects underlying Progress Energy's claim. The government deposed him for two days. When he was deposed he was considered a potential witness and was called to testify at trial. The transcript of his deposition was used to structure questions for his direct examination. | 537 | 2.70* | $1449.90 |
| Transcript of Allen Wayne Britt deposition held on June 15, 2007. Mr. Britt is a lead business analyst and supports the Nuclear Generation Group. He helped put together Progress Energy's claim and at the time of his deposition he was considered a potential trial witness. The transcript from his deposition was used for planning the presentation of Progress Energy's case. | 96 | 2.70* | $259.20 |

| | | | |
|---|---|---|---|
| Transcript of Thomas Lehmann deposition held on June 29, 2007. Mr. Lehmann was involved in the re-rack project at Crystal River. He was considered a potential witness when he was deposed and was called to testify. The transcript of his deposition was used to structure questions for his direct examination. | 259 | 3.25 | $841.75 |
| Transcript of 30(b)(6) deposition of Robert Steven Edwards held on July 24, 2007. The 30(b)(6) deposition transcript was used for planning the presentation of Progress Energy's case. At the time of the deposition, the 30(b)(6) witness, Mr. Edwards, was considered a potential trial witness. Mr. Edwards was called to testify and the 30(b)(6) deposition transcript was also used to structure questions for his direct examination. | 380 | 2.70 | $1,026.00 |
| Shipping & handling of transcript of deposition of Steven Edwards deposition. | | | $15.75 |
| Transcript of Dean Tibbitts deposition held on July 25, 2007. Mr. Tibbits is lead engineer in Pressurized Water Reactor Fuel Engineering Unit. He was involved in the activation of the C&D pools at Harris. At the time of his deposition he was considered a potential witness and was called to testify. The transcript of his deposition was used to structure questions for his direct examination. | 108 | 2.70 | $291.60 |
| Shipping & handling of transcript of deposition of Dean Tibbitts. | | | $15.75 |
| Transcript of Michael Culver deposition held on July 26, 2007. Mr. Culver is a lead reactor engineer at Crystal River. He was involved in the re-rack at Crystal River. At the time of his deposition he was considered a potential witness and was called to testify. The transcript of his deposition was used to structure questions for his direct examination. | 226 | 2.85 | $644.10 |
| Postage and delivery charges for transcript of deposition of Michael Culver. | | | $7.50 |

| | | | |
|---|---|---|---|
| Transcript of Ted Williams deposition held on July 27, 2007. Mr. Williams is Superintendent of Major Projects at Progress Energy. At the time of his deposition he was considered a potential witness and was called to testify. The transcript of his deposition was used to structure questions for his direct examination. | 214 | 2.85 | $609.90 |
| Postage and delivery charges for transcript of deposition of Ted Williams. | | | $7.50 |
| **TOTAL** | | | **$9,399.85** |

*Price adjusted downward because invoiced for expedited delivery.

## CONCLUSION

In its May 19, 2008 Order, the Court awarded costs to Progress Energy. Progress Energy respectfully requests that the costs described above, which were necessary for the litigation of this case, be taxed against Defendant United States.

DATED: June 18, 2008

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-5191
Facsimile: (202) 739-3001

Attorneys for Plaintiffs

Of Counsel:
Paul M. Bessette
David M. Kerr
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, NW
Telephone: (202) 739-3000
Facsimile: (202) 729-3001

**CERTIFICATE OF SERVICE**

I, Brad Fagg, hereby certify that on this 18th day of June, 2008, a copy of the foregoing was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s Brad Fagg _____
Brad Fagg