# In the United States Court of Federal Claims

No. 04-37C

(Filed: June 19, 2008)

| | | |
|---|---|---|
| ************************************** | * | |
| CAROLINA POWER & LIGHT COMPANY, and FLORIDA POWER CORPORATION, | * | |
| Plaintiffs, | * | Spent Nuclear Fuel Case; Motion for Reconsideration; Correction of Minor Errors in Amended Judgment. |
| v. | * | |
| THE UNITED STATES, | * | |
| Defendant. | * | |
| ************************************** | * | |

*Brad Fagg*, with whom were *Paul M. Bessette,* and *David M. Kerr*, Morgan Lewis & Bockius, LLP, Washington, D.C., for Plaintiffs.

*Andrew P. Averbach*, with whom were *Jeffrey S. Bucholtz*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Harold D. Lester*, *Jr.*, Assistant Director, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., *Jane K. Taylor*, *Marian E. Sullivan*, *Christopher J. Carney*, *Lisa L. Donahue*, and *Stephen Finn*, Of Counsel, for Defendant.

ORDER ON DEFENDANT'S
MOTION FOR RECONSIDERATION

WHEELER, Judge.

In this spent nuclear fuel case, the Court issued an Opinion and Order on May 19, 2008 awarding damages to Plaintiffs in the amount of $82,845,926. Carolina Power & Light Co. v. United States, No. 04-37C, 2008 WL 2154103 (Fed. Cl. May 19, 2008). On June 2, 2008, Defendant filed a motion for reconsideration of this damages award, arguing that the amount should be reduced by $316,434. As grounds for its motion, Defendant contends that the Court made the following three errors: (1) the Court failed to consider evidence showing

that, even if the Department of Energy ("DOE") had collected spent nuclear fuel as its contract required, Plaintiffs still would have incurred $260,037 in railroad track maintenance costs to ship some of its spent fuel by rail between nuclear plants; (2) the Court failed to credit Defendant for $42,295 in avoided overhead costs; and (3) the Court failed to deduct $14,102 in construction interest components known as "AFUDC" from Plaintiffs' claims for crud and sludge cleanup. At the Court's request, Plaintiffs filed a response to Defendant's motion on June 16, 2008. Defendant filed a reply on June 18, 2008.

The decision to grant a motion for reconsideration lies within the sound discretion of the Court. Tamerlane, Ltd. v. United States, 81 Fed. Cl. 511, 512 (2008) (citing Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir.1990)). To prevail on such a motion, the moving party must meet the exacting standard of identifying "a manifest error of law or mistake of fact." Pacific Gas and Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003). To demonstrate such an error or mistake, the movant must point to a change in circumstances, such as an intervening change in the controlling law, the availability of previously unavailable evidence, or some other reason why the motion is "necessary to prevent manifest injustice." Pacific Gas, 58 Fed. Cl. at 2 (citing Fru-Con Constr. Corp. v. United States, 44 Fed. Cl. 298, 301 (1999)).

With regard to the railroad track maintenance costs, the Court found that DOE's partial breach was a substantial causal factor in Plaintiffs' expenditure of these costs and awarded Plaintiffs $260,037 accordingly. Carolina Power & Light, 2008 WL 2154103, at 26. Defendant contends that the Court should reconsider this finding, allegedly because Plaintiffs would have shipped 782 spent fuel assemblies by rail after January 31, 1998 even if DOE had performed, and the track maintenance costs would have been necessary to support these shipments. The Court previously considered this contention and found that Plaintiffs' claim included only those maintenance costs that were substantially caused by DOE's partial breach. For example, if DOE had performed its contractual obligations, Plaintiffs would have ceased shipping spent fuel from its Robinson plant in 1997. (Edwards, Tr. 475-76; PX 137 at 8812-16). DOE's partial breach substantially caused Plaintiffs' need to ship spent fuel from the Robinson plant after 1997. Consequently, Plaintiffs' claim included $200,875 in railroad maintenance costs from April 25, 2000 to July 1, 2005 relating to Robinson plant shipments. (PX 140 at 0668, 0693, 0729, 0772, 0774, 0746, 0811, 0814, 0853, 0858, 0906, 0908). The balance of the track maintenance claim similarly is attributable to DOE's partial breach. The Court fails to see any factual basis for denying these costs and rejects Defendant's attempt to reargue this issue. See Pikeville Coal Co. v. United States, 37 Fed. Cl. 304, 313 (1997) (citing Principal Mut. Life Ins. Co. v. United States, 29 Fed. Cl. 157, 164 (1993)).

The second ground for reconsideration concerns avoided overhead costs. Defendant contends that, by awarding $4,231,710 for overhead costs caused by DOE's partial breach, the Court failed to credit Defendant for $42,295 in overhead costs that Plaintiffs avoided by not having to perform a rerack of the Harris B pool. Plaintiffs do "not dispute the logic" of this position, but correctly assert that Defendant failed to make this argument in its post-trial briefs. Pl.'s Resp. at 5-6. Although motions for reconsideration should not be used to assert theories that could have been raised in the earlier proceedings, see Bernard v. United States, 12 Cl. Ct. 597, 598 (1987), the Court will deduct $42,295 in overhead costs from Plaintiffs' damages in the interest of calculating the judgment accurately.

Finally, Defendant asserts that Plaintiffs' judgment should be deducted by $14,102 to reflect the AFUDC charges included in Plaintiffs' crud and sludge cleanup claim. Plaintiffs do not dispute Defendant's assertion, but note that the proper adjustment should be $14,342. The Court agrees with Plaintiffs' corrected figure and will deduct $14,342 from the award.

For the foregoing reasons, Defendant's Motion for Reconsideration is GRANTED IN PART and DENIED IN PART. The Clerk is directed to amend the Court's May 19, 2008 Opinion and Order and enter judgment for Plaintiffs in the amount of $82,789,289.

IT IS SO ORDERED.

s/ Thomas C. Wheeler
THOMAS C. WHEELER
Judge