IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CAROLINA POWER & LIGHT COMPANY and FLORIDA POWER CORPORATION, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 04-37C (Judge Wheeler) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S PARTIAL RESPONSE TO PLAINTIFFS' PREMATURE BILL OF COSTS, AND, TO THE EXTENT THAT THE COURT DOES NOT DENY IT AS PREMATURE OR RETURN IT UNFILED, DEFENDANT'S MOTION TO TREAT THE BILL OF COSTS AS "LATER FILED" OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE SUBSTANCE OF THE BILL OF COSTS

Pursuant to Rule 54(d)(1)(B)(i) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court deny plaintiffs' bill of costs, filed on June 18, 2008, without prejudice or return it to plaintiffs unfiled, given that the judgment upon which plaintiffs' bill of costs is based is still appealable and, therefore, not "final" within the meaning of RCFC 54. To the extent that the Court does not deny the bill of costs as premature, defendant requests that the Court deem the bill of costs premature and not deemed "filed" until such time as the judgment in this case becomes final, with defendant's time to respond to the bill of costs being set for some time after that date (to be set by later order), or, in the alternative, enlarge the time for defendant to respond to the substantive merits of the bill of costs, including whether the claimed costs are recoverable, until 30 days after any judgment in this case becomes final.

DISCUSSION

A prevailing party may request that the Court's clerk tax allowable costs by filing a bill of costs "within 30 days after the date of final judgment, as defined in 28 U.S.C.

§ 2412(d)(2)(G)." RCFC 54(d)(1)(A) (emphasis added). In relevant part, the term "final judgment" is defined as a "judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G) (enacted pursuant to the Equal Access to Justice Act ("EAJA")). The non-appealablity requirement means that the 30-day time clock "begins to run after the time to appeal th[e] final judgment has expired." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) (emphasis added). Where a plaintiff submits a bill of costs prior to the commencement of this time clock, the bill of costs should either be denied without prejudice to the plaintiff's right to renew it at the appropriate time, cf. Skip Kirchdorfer, Inc. v. United States, 803 F.2d 711, 712 (Fed. Cir. 1986) (denying EAJA application as premature), or returned to the plaintiff unfiled. Suess v. United States, No. 90-981C, slip op. at 1-2 (Fed. Cl. Aug. 14, 2002) (unpublished order) (copy attached).

On May 19, 2008, this Court entered judgment in this action. However, the United States timely filed a motion for reconsideration pursuant to RCFC 59. By order dated June 19, 2008, the Court issued an order granting in part and denying in part our motion for reconsideration, and the Court's clerk issued an amended judgment on June 27, 2008. Both the United States and the plaintiffs have 60 days from the entry of judgment to file an appeal. See 28 U.S.C. § 2522; Fed. R. App. P. 3(a)(1), 4(a)(1)(B), 4(a)(4)(A)(iv); RCFC 58.1. On June 18, 2008, before the appeals period had run (and, in fact, before it commenced given the pendency of our motion for reconsideration), plaintiffs filed their bill of costs with the Court.

Because the plaintiffs' bill of costs was filed well before any "final judgment" in this case, we respectfully request that the Court either deny its bill of costs as premature, without prejudice to its refiling at an appropriate time after a judgment in this case becomes final, or,

consistent with this Court's order in Suess, return the bill of costs unfiled. Because it is quite possible that, depending upon the result and scope of any appellate proceedings in this case, the plaintiffs may have to modify their bill of costs once a judgment in this case becomes final, it seems inappropriate to allow the pending bill of costs remain on the docket, subject to defendant's response, when the plaintiffs are likely to revise it before the Court makes any decision on their specific cost claims. To the extent that the Court does not deny without prejudice or return unfiled the pending bill of costs, we request that the Court treat the bill of costs as "later filed" within the 30-day period following a final and non-appealable judgment in this case and provide that our time to respond to the bill of costs will commence 30 days after there is such a judgment. See Brewer v. American Battle Monuments Comm'n, 814 F.2d 1564, 1569 (Fed. Cir. 1987) (Court may treat prematurely filed EAJA petition as if it were "later filed . . . during the thirty day period following the final decision"). In the alternative, we respectfully request an enlargement of time, to and including 30 days after any judgment in this case becomes final, to respond to the pending bill of costs.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny without prejudice or return unfiled plaintiffs' June 18, 2008 bill of costs; that, if the Court does not deny or return the bill of costs, the Court deem it "later filed" or, in the alternative, grant defendant an enlargement of time to respond to the substance of the claims in plaintiffs' bill of costs.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/Andrew P. Averbach
ANDREW P. AVERBACH
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-0527
Tel: (202) 307-2503

OF COUNSEL:
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

MARIAN E. SULLIVAN
CHRISTOPHER J. CARNEY
LISA L. DONAHUE
STEPHEN FINN
Civil Division
Department of Justice
1100 L Street, N.W.
Washington, D.C. 20530

July 21, 2008

Attorneys for Defendant

# ATTACHMENT

# In the United States Court of Federal Claims

| | | |
|---|---|---|
| C. ROBERT SUESS, et al., Plaintiffs, v. THE UNITED STATES, Defendant. | No. 90-981 C | Filed: August 14, 2002 |

FILED
AUG 1 4 2002
U.S. COURT OF FEDERAL CLAIMS

## ORDER

On July 8, 2002, the Clerk of the Court received two documents which private plaintiffs attempted to file. The first, entitled "Motions Concerning Time for Filing Petition for Attorneys Fees and Non-Taxable Expenses and Request for Expedited Consideration," was not filed because it is unnecessary. Pursuant to RCFC 54(d)(2), "[c]laims for attorneys fees and related nontaxable expenses shall be made by motion," and that [u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)." The statute in turn defines "final judgment" as "a judgment that is final and not appealable." Accordingly, because the court's rules and the statute are unambiguous, the motion is unnecessary.

The second document plaintiffs attempted to file was their Bill of Costs. The document was not filed because it is premature. RCFC 54(d)(1)(A) states that the Bill of Costs should be filed "within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)" (a statutory provision now familiar to readers of the first paragraph). In addition, the Clerk of the Court noted additional procedural errors to plaintiffs Bill of Costs: it is not stapled in the upper left-hand margin, as required by RCFC 5.3(c) for submissions of fewer than 50 pages; it is missing the two copies required by RCFC 5.3(d); and the Certification of the Bill of Costs is not complete (see Form 4 of the RCFC Appendix).

Because these proffered filings are, in the case of the Motion Concerning Time, unnecessary, and in the case of the Bill of Costs, premature and procedurally deficient, the Clerk of the Court is directed to return the proposed submissions to private plaintiffs unfiled. In view of this, the court also directs the Clerk to return the responsive briefs submitted by defendant on July 17, 2002 ("Defendant's Response to Plaintiffs' Bill of Costs") and on July 19, 2002 ("Defendant's Response

to Plaintiffs' Motion Concerning Time") unfiled. The court does, however, commend to opposing counsel both briefs written by defendant's counsel for laying out the issues cogently and succinctly. Lastly, the July 12, 2002 submission of the plaintiff FDIC ("FDIC's Response to the Shareholder Plaintiffs' Motions") and the July 22, 2002 submission of the private plaintiffs ("Plaintiffs' Objections to Defendant's Response") are to be returned by the Clerk to the respective parties unfiled.

LOREN A. SMITH
SENIOR JUDGE

CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 21st day of July, 2008, a copy of "DEFENDANT'S PARTIAL RESPONSE TO PLAINTIFFS' PREMATURE BILL OF COSTS, AND, TO THE EXTENT THAT THE COURT DOES NOT DENY IT AS PREMATURE OR RETURN IT UNFILED, DEFENDANT'S MOTION TO TREAT THE BILL OF COSTS AS 'LATER FILED' OR, IN THE ALTERNATIVE, FOR AN ENLARGEMENT OF TIME TO RESPOND TO THE SUBSTANCE OF THE BILL OF COSTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Harold D. Lester, Jr.